## JOHN A. KERR ET AL. v. W. L. BLAIR.

Decided April 21, 1909.

**1.—Res Adjudicata.**

B. sued K. in the District Court for damages for breach of a contract to thresh a crop of rice; K. denied the breach and set up facts to show that B.'s damage, if any, was due to causes over which K. had no control and to the fault of B.; on these pleadings a verdict and judgment were rendered for B. for a part of the amount sued for. Held, that the judgment in said cause could not be res adjudicata of an account held and subsequently sued upon K. against

B. for goods, wares and merchandise sold and for services rendered, because these matters were not put in issue by the pleadings in the former suit, and if the jury took said matters into account in rendering their verdict, they did so without warrant of law.

**2.—Same.**

A former judgment relied on as having adjudicated the matter involved in another suit and as a bar to further proceedings should have involved and determined the same vital issue, or such issue should have been fairly within the scope of the pleadings. The "matter in issue" is that upon which the plaintiff's cause of action is based, and which the defendant denies by his pleadings.

Appeal from the County Court of Matagorda County. Tried below before Hon. Jesse Matthews.

*Gaines & Corbett,* for appellant.

*Linn, Conger & Austin* and *W. S. Holman,* for appellee. In support of the plea of *res adjudicata* appellee cited: Freeman v. Mc-Aninch, 87 Texas, 133, and cases cited; Nickols v. Dibrell, 61 Texas, 541; N. Y. & T. Land Company v. Votaw, 16 Texas Civ. App., 591; Nasworthy v. Draper, 9 Texas Civ. App., 651; Teal v. Terrell, 48 Texas, 507; Foster v. Wells, 4 Texas, 101.

McMEANS, ASSOCIATE JUSTICE.—The appellants sued the appellee for $306.53 as the balance due upon an account for goods, wares and merchandise sold by them to appellee, and for services performed by them for him, and for six percent per annum interest thereon from January 1, 1906. The defendant answered by general denial and by plea of former adjudication, which is in the following language:

"And for further answer herein defendant says that heretofore, to wit: on the 16th day of June, A. D. 1906, in cause No. 2641, in the District Court of Matagorda County, Texas, wherein W. L. Blair was plaintiff and Kerr Brothers, a firm composed of John A. Kerr and Andrew Kerr (the plaintiffs in this cause), were defendants, a final judgment was rendered for the plaintiff therein against the said defendants therein; that in said cause the matters herein sought to be tried and disposed of were litigated and fully and finally determined against plaintiffs herein; that in said cause and upon the trial thereof under the pleadings of the plaintiffs herein (defendants in said cause) in said cause contained, the plaintiffs contested, tried and proved before the jury and submitted the issue herein contained to said jury for their determination therein, and the evidence supporting the plaintiff's cause of action herein was in said cause submitted to the jury and the jury in said cause in their verdict thereon considered the same in connection with all the other evidence and facts, and thereafter awarded verdict for the plaintiff therein, W. L. Blair; that thereafter the said verdict was duly returned into court and was by the court duly approved and, thereafter on the said 16th day of June, judgment in behalf of plaintiff for the sum of $500 was duly by the court entered on said verdict; that by the said judgment the issues in this cause were and have been once duly and finally litigated, and the said judgment was appealed by, and said appeal prosecuted

by, defendants therein to the Court of Civil Appeals for the First Supreme Judicial District of Texas; that said cause and judgment was affirmed by said court aforesaid and said judgment is now final as to the parties by the affirmance of said judgment in said Court of Civil Appeals for the First Supreme Judicial District of Texas, at Galveston, Texas. That by reason of the premises the said judgment is *res adjudicata* of the matters in controversy herein, and the said issues so pending herein were involved and adjudicated in said cause and in another court and that thereby the plaintiffs herein are fully estopped and precluded from trying or enforcing any right of action herein against this defendant, if any they have, which is denied."

By his first supplemental answer appellee further pleaded as follows: "That the cause of W. L. Blair v. J. A. Kerr et al., referred to in the first amended original answer of the defendant herein, was a suit for damages by W. L. Blair, plaintiff therein, against the defendants therein, the plaintiffs in this suit, for damages for a breach of contract and failure to thresh the rice crop of this defendant Blair; that in said cause the defendants therein, J. A. Kerr et al., the plaintiffs in this cause, filed pleas of general denial and various special pleas in bar of plaintiff's cause of action. Which said pleadings covered and contained allegations and subject matter sufficient in every respect to warrant the trial court and to compel the trial court to admit in evidence all such matters and things between the parties thereto as would defeat in whole or in part the plaintiff's cause of action therein and reduce the amount of the recovery as claimed by him, the plaintiff, in his said petition. That upon trial of said cause the court, in accordance with the law under the pleadings, admitted the testimony of the defendants, Kerr et al., of the value of the services rendered by them in the part performance of their contract as set out and pleaded in this cause and sued for herein, and the same was adduced before the jury by the plaintiffs herein and the same was considered by the jury in arriving at their verdict so rendered in said cause.

"That not only did the plaintiffs herein (being defendants in the aforesaid cause) plead by general denial, but in addition thereto by special plea set up and alleged the partial performance of the contract to thresh this plaintiff's rice to his satisfaction, and the remaining injuries sued for were caused by wet weather and the plaintiff Blair's own negligence. Plaintiff shows that on the trial admissibility of the evidence of the value of the services of plaintiff in partially threshing Blair's rice was not only passed upon and adjudicated by the District Court of Matagorda County as matter of law, but the said evidence was adduced before the jury by plaintiff herein over objection and was considered by said jury in settling the issues of said cause by their verdict."

The case was tried before a jury and a verdict was rendered for appellee, upon which a judgment was duly entered. Appellants' motion for a new trial having been overruled, they bring this case before us on appeal.

Appellants' twelfth and thirteenth assignments of error are as follows:

"Because the court erred in rendering judgment in favor of the defendant, because the undisputed testimony showed that the plaintiffs were entitled to recovery unless the account was settled by the judgment in cause No. 2641, in the District Court of Matagorda County, Texas, styled W. L. Blair v. J. A. Kerr et al., or Kerr Bros., and because the undisputed evidence showed that cause No. 2641 in the District Court of Matagorda County, Texas, did not involve the same issues as were involved in this cause."

"Because the court erred in rendering judgment in this cause in favor of the defendant, the undisputed evidence showing that the plaintiffs' cause of action was true and correct, and that the amount due had never been paid; and the pleadings and judgment in the cause of W. L. Blair v. Kerr Bros., in the District Court of Matagorda County, which were depended upon by the defendant to show a former adjudication of the issues involved in this cause, plainly show that the issues involved were not in any manner identical."

The appellee Blair, testifying in his own behalf admitted the account sued on to be correct in every particular, and that unless his plea of former adjudication was sustained he owed appellants the $306.53 sued for. He said: "I am not disputing the correctness of the account, taken as a whole, both debits and credits; but my sole contention is that this was settled by the judgment in cause No. 2641, in the District Court, styled W. L. Blair v. Kerr Bros."

In support of his plea of *res adjudicata,* the appellee offered in evidence, (1) the original petition in cause No. 2641, in the District Court; (2) the original answer of the defendants in said cause; (3) the judgment, and (4) the opinion of the Court of Civil Appeals rendered on appeal of said case. The petition of Blair in said case sets up a cause of action for damages against Kerr Bros. for breach of a contract to thresh a certain part of his rice crop, alleging his damages at $2,103.80. In their answer Kerr Bros. denied that they breached the contract, and set up facts to show that the plaintiff's damage, if he sustained any, was not due to fault upon their part, but to causes over which they had no control, and to the fault of Blair. The answer does not remotely set up in offset to plaintiff's demand the account herein sued upon or otherwise make mention of it. It was in no manner put in issue; and the amount due by Blair to Kerr Bros. could not, under the pleading in that case, have been legally adjudicated and determined. The judgment was based on a verdict in favor of Blair for $500, and does not on its face or otherwise show that the amount of the verdict and judgment was the difference between Blair's damages and the balance due on Kerr Bros.' account. The charge of the court was not introduced in evidence, but it appears from the copy of the opinion of the Court of Civil Appeals which was introduced (see 47 Texas Civ. App., 407) that the measure of damages submitted in the charge, in case the jury should find damages for Blair, was the value of the rice injured and destroyed as it stood in the field, etc., which reasonably precludes

the idea that the jury was permitted to offset against the damage any balance in Kerr Bros.' favor against Blair.

It is true that the account could have been pleaded in that case and settled by the verdict and judgment, but it is certain that it was not pleaded and thus made an issue in the case; and if, as appellee contends and as the testimony of certain jurors who sat in the trial of that case tends to prove, the jury took the account into consideration and allowed Blair only the difference between the amount of his damages and Kerr Bros.' account, they acted without warrant of law, and their verdict would not be *res adjudicata* of the account sued on in this case, because the matter was not put in issue by the pleadings. In Nichols v. Dibrell, 61 Texas, 541, the rule is broadly stated to be "that the decision of a court of competent jurisdiction is conclusive not only as to the subject matter determined, but as to every other matter which the parties might have litigated," etc. The rule is less broadly stated in the later cases, prominently among which may be mentioned James v. James, 81 Texas, 380; Norton v. Wochler, 31 Texas Civ. App., 524; Land Mortgage Co. v. MacDonell, 93 Texas, 398, and Linberg v. Finks, 7 Texas Civ. App., 396. In James v. James it is said: "It is a general rule, having its foundation in sound reason, that the former judgment or litigation relied on as having adjudicated the matter and as a bar to further proceedings, should have involved and determined the same vital issue, or that such issue or question should have been fairly within the scope of the pleadings. The 'matter in issue' is that upon which the plaintiff's cause of action is based, and which the defendant denies by his pleadings. (Vaughn v. Merriam, 55 N. H., 502.) It can only be conclusive of such matters as were essential to be 'determined before the judgment could be rendered.' (Philipowski v. Spencer, 63 Texas, 607) and is not conclusive as to collateral issues or any matter which must be inferred from it." See also Crebbin v. Brice, 25 Texas Civ. App., 532.

The conclusions we have reached obviate the necessity of passing upon the other assignments of error presented by the appellants.

The defense of *res adjudicata* not being available to appellee Blair as a defense to appellants' suit, and as no other defenses to plaintiffs' suit were urged, and as the correctness of the account sued on was admitted, the court should have instructed a verdict for the plaintiffs. The judgment of the court below will be reversed, and this court proceeding to render such judgment as should have been rendered by the court below, it is ordered that judgment be here rendered in favor of appellants and against appellee for the sum of $306.53, with six percent per annum interest thereon from January 1, 1906, and all costs incurred in the court below as well as in this court.

*Reversed and rendered.*