CUDAHY PACKING CO. v. MISSOURI, K. & T. RY. CO. OF TEXAS. (No. 1339.)

(Court of Civil Appeals of Texas. Amarillo. Nov. 6, 1918. Rehearing Denied Dec. 4, 1918.)

1. PLEADING ☞210—"SPEAKING DEMURRER."

A demurrer to a petition alleging facts not found in the petition is a "speaking demurrer," and should be overruled.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Speaking Demurrer.]

2. APPEAL AND ERROR ☞719(4) — ASSIGNMENTS OF ERROR—FUNDAMENTAL ERROR.

An improper overruling of a general demurrer to a petition presents fundamental error, and should be considered upon an appeal, whether raised by the assignment or not.

3. CARRIERS ☞32(2)—LIVE STOCK—LIMITING TIME FOR BRINGING ACTION—WAIVER.

The provision of a valid interstate live stock shipment contract that suits to recover for injury or delay to shipments must be begun within 91 days thereafter cannot be waived by a carrier.

Appeal from District Court, Shackelford County; Joe Burkett, Judge.

Suit by the Cudahy Packing Company against the Missouri, Kansas & Texas Railway Company of Texas. From a judgment sustaining exceptions to the petition, plaintiff appeals. Judgment rendered dismissing the cause.

New, Miller, Camack & Winger, of Kansas City, Mo., J. A. King, of Albany, and Moses & Rowe, of Ft. Worth, for appellant, Cudahy Packing Co.

Moses & Rowe, of Ft. Worth, for Cattle Raisers' Ass'n of Texas, as amici curiæ.

Scott & Brelsford, of Eastland, W. L. Morris, of Albany, and A. H. McKnight, of Dallas, for appellee.

HALL, J. Appellant packing company brought this suit against the appellee railway company and its receiver March 31, 1916, to recover damages on five separate shipments of cattle made from Ft. Worth, Tex., to Kansas City, Mo., in April, 1912, and in February, 1913. The petition charges that a written contract was made at the time of each shipment, and that appellant complied with all the terms and conditions of said contract, except that particular term which required the shipper, in the event of injury or damage, to file suit within 91 days after the accrual of his cause of action. The petition contains five counts, and except as to the date of shipment, number of cattle, and other facts de-

scriptive of the particular shipment declared upon, said counts are substantially in the same language. The receiver presented his plea in abatement, and was by the ruling of the court dismissed from the suit. This appeal is from the action of the trial court in sustaining two certain exceptions to paragraphs 16, 17, and 18, in each of the five counts. These paragraphs are as follows:

"(16) Plaintiff further states that this suit was not instituted within 91 days after the happening of the injuries, delay or delays, complained of, as undertaken to be required by said contracts or bills of lading, for the reason that the defendant, the Missouri, Kansas & Texas Railway Company of Texas, clearly and expressly waived the bringing of suit within said time, and by its conduct, as hereinafter set forth, prevented and made it possible for plaintiff to institute said suit, and has estopped itself from setting up as a defense any alleged failure of plaintiff to comply with said provision of said contracts; that, after giving notice and filing the claims of the loss and damage to said shipment, as hereinbefore set forth, the above-named authorized agents of said defendant, the Missouri, Kansas & Texas Railway Company of Texas, received and investigated said claims, as hereinbefore stated; that, upon receiving said claims as aforesaid, both the defendant, said the Missouri, Kansas & Texas Railway Company of Texas, and said Missouri, Kansas & Texas Railway Company, its connecting carrier, investigated said claim on its merits for a long period of time, and beyond the 91 days' limitation contained in said contract; and during said 91 days' period said freight claim agent of defendant and said Missouri, Kansas & Texas Railway Company verbally promised and assured plaintiff that said claim would be paid as soon as the matter could be arranged, and which promise was relied upon by plaintiff, said claim agent being one H. Bierman, and that during the course of said investigation the freight claim agents of both said railroads had conferences with the traffic manager of this plaintiff on the merits of said claim, and had such conferences long after the expiration of said 91 days' period mentioned in said contract, and that in said conferences no question whatsoever was raised by either of said freight claim agents as to the failure to bring suit within 91 days, and no objection was made by either of said freight claim agents to said claim that suit was not brought within said 91 days clause set out in said shipment contracts; that during one of said conferences, and after the expiration of said 91 days, said freight claim agent made an offer of settlement of the said claim to plaintiff, which offer was declined by plaintiff, and that thereupon said claim was declined by said defendant, the Missouri, Kansas & Texas Railway Company of Texas, and said Missouri, Kansas & Texas Railway Company, solely on its merits, and was not declined because of the failure of plaintiff to bring suit thereon within said 91 days. Plaintiff further states that the defendant and its general officers repeatedly recognized the right of the aforesaid agents to waive said 91-day clause, and have themselves waived said provision of said contract by heretofore repeatedly paying said claims, both to the plaintiff and others, where suit had not been brought within 91 days, and after the expiration of that period, and have heretofore, and until within a very recent time, held out to this plaintiff that it was necessary that suit should be so brought in order to have the same settled or paid by said railroad companies; that during all said time it was the general and constant custom of said carriers to receive claims of all shippers, including those of plaintiff, whether filed within said

91 days period or not, and whether suit had been filed thereon or not during said period, and to decide them solely upon their merits, and utterly ignore said clause, and to pay claims of all shippers without regard thereto and after the expiration thereon, even though suit had not been filed on such claims within said period.

"(17) Plaintiff further states that said defendant, the Missouri, Kansas & Texas Railway Company of Texas, or its duly authorized agents, after having received the notice of said claim, and after the same was filed with them, retained and held the papers and documents furnished and contributed by this plaintiff for the investigation, consideration, and determination of said claim long after the expiration of said 91 days, and without which this plaintiff was unable to institute this suit, and during all the time the same were held, considered said claim, and negotiated with this plaintiff for a settlement thereon, and offered to compromise in settlement thereof, as hereinbefore alleged, after the expiration of said 91 days, and said defendant withheld, neglected, and refused to return the same until after said 91 days, and did not return such papers so furnished and contributed by plaintiff until long after the expiration of said 91 days, and never at any time declined said claim because of any failure of plaintiff to bring suit thereon within said 91 days, but declined said claim solely because plaintiff was unwilling to accept the amount offered by the said defendant and its said connecting carriers, at all times considering and entertaining said claim solely upon its merits; that said papers and documents of plaintiff contained all its original papers, and all the information pertaining to said shipment, and plaintiff could not bring this suit without the use thereof, and, by reason of their being so held and not returned to plaintiff, it was impossible for it to bring this suit within said 91 days, or until the return thereof, and plaintiff was prevented from so doing by reason thereof; that during said 91 days period plaintiff demanded that defendant said Missouri, Kansas & Texas Railway Company either pay said claim or return said claim papers as aforesaid, but said claim agent H. Bierman, who was claim agent for defendant, stated that said claims would be paid, and then and there refused to return said papers to plaintiff.

"(18) That by reason of all the foregoing conduct of said defendant, the Missouri, Kansas & Texas Railway Company of Texas, and said Missouri, Kansas & Texas Railway Company, its connecting carrier, by their own acts and wrongdoing, prevented this plaintiff from bringing suit within said time, and have waived the provision and requirement of said contracts in regard to bringing suit within 91 days on said claim, and said defendant, the Missouri, Kansas & Texas Railway Company of Texas, is now estopped from setting up as a defense any alleged failure of plaintiff to comply with any of the terms of said contracts requiring suit on the claim herein sued on to be brought within 91 days after the happening of the injuries, delay or delays, complained of herein."

The exceptions sustained by the court are as follows:

"(c) Defendant further specially excepts to paragraphs 16, 17, and 18 of the first count in plaintiff's petition, where plaintiff, by alleging that defendant and its agents had negotiated with reference to a settlement or compromise of this claim, both before and after the expiration of said 91 days, and had not declined payment of the claim, because suit was not brought within 91 days, and had waived said 91-day clause by having heretofore paid claims where suit had not been filed within 91 days, and had held out to plaintiff that it was not necessary that suit should be brought in order to have the same set-

tled by the railroad company, and, further, that defendant was estopped from setting up the 91-day clause by reason of the fact that the defendant had retained plaintiff's claim and papers, and that plaintiff was thereby prevented from filing suit within 91 days. Defendant excepts to each and all of said allegations because the facts alleged, if true, do not set up a legal waiver or estoppel; because it is not alleged in what manner the defendant had held out to plaintiff that it was not necessary that suit should be brought within 91 days, and because former custom and dealing, if true as alleged by plaintiff, is not sufficient to constitute a waiver of the express terms of the written contract pleaded by plaintiff, and because, further, it is not alleged that plaintiff was misled by any act of the defendant, and it is not alleged that the claims and data filed with defendant were the only and sole originals by reason of the retention of which plaintiff had no other data on which to predicate a suit within the 91 days, or that said data or claims were demanded or refused, and because it is not alleged that plaintiff's agents had the authority under said written contract to waive its express provision with reference to bringing the suit within 91 days from the happening of the alleged injury, and for the further reason that defendant could not waive said stipulation. Wherefore defendant prays judgment of the court as to the sufficiency of said paragraphs from 16 to 18, inclusive, in the first count of plaintiff's said petition, and of this it prays judgment of the court and for costs."

"(e) Defendant further specially excepts to said first count in plaintiff's said petition, for because, under the contract of shipment alleged by plaintiff, it is expressly provided that no suit shall be maintainable on the cause of action involved in said count unless the same shall be instituted within 91 days after the happening of the injuries, delays, or delay complained of, and it affirmatively appearing in the allegation of said petition that more than 91 days, to wit, nearly three years, had elapsed between the date of the injuries claimed by plaintiff in said count and the filing of this suit, therefore said cause of action is forever barred, and of this defendant prays judgment of the court and for costs."

**[1-3]** None of the contracts which form the basis of the suit were made exhibits to the petition, nor were their terms and stipulations, except the limitation clause, set out or declared upon. It does not appear that the appellant executed the contracts in consideration of a reduced freight rate, but the case is briefed upon the assumption that the terms limiting the carrier's common-law liability rest upon a sufficient consideration. We do not assert, in the light of recent decisions by the United States Supreme Court, that a consideration is necessary to support the limitation clause in a carrier's contract for the shipment of live stock, but will proceed upon the theory that the contracts in question are valid in that particular.

Exception (e), last above set out, alleges facts not found in the petition, and, being for this reason a speaking demurrer, should have been overruled.

The court's ruling on exception (c) raises no question necessary to be considered, save in so far as it sustains appellant's contention that the facts alleged in the three paragraphs of the petition attacked "do not set up a legal estoppel," and "defendant could not waive said stipulation." In this particular the exception was a general demurrer. The other objections urged in the exception to the three paragraphs of the petition are properly grounds for special exception. As said in Porter v. Burkett, 65 Tex. 383, "what does it avail a plaintiff to fortify his petition against a special exception, when the court, in effect, holds that if he does so it is still bad on general demurrer? There can be no use in amending a petition in one particular, when, after amendment, it shows upon its face no cause of action." It was not necessary for the petition to set up the limitation clause in the various contracts, as that was a matter to be alleged by appellee in defense; but having declared upon it, together with such facts as in the opinion of the pleader constituted a waiver of the stipulation and created an estoppel, the question of the validity of the clause could be raised by demurrer. Appellant insists that we consider the principal question, whether properly raised by the appellant's pleadings or not, which may be stated by quoting the third proposition under appellant's third assignment of error, as follows:

"The facts alleged by the appellant in paragraphs 16, 17, and 18 of its petition are sufficient in law to estop the appellee from availing itself of the 91-day limitation clause, even if same and all facts from which limitation could be found affirmatively appeared in appellant's petition."

The validity of this clause, and the question as to whether or not the carrier could waive its right to insist upon it, or by the conduct of its officers and employés be estopped from pleading it as a matter of defense, was raised by the general demurrer, and, the court having overruled the general demurrer, such ruling presents fundamental error, and should be considered by this court, whether raised by assignment or not. Since the petition set up the clause, and attempted to avoid its effect by facts tending to show waiver and estoppel, we think the court should have sustained the general demurrer, because the Supreme Court of the United States, which is the tribunal having final authority on all matters growing out of interstate shipments of freight by common carriers, has declared that the limitation clause cannot be waived. While this holding is at variance with the decisions of many of the state courts, the Supreme Court of the United States having spoken definitely the matter is no longer open for debate. This court, in an opinion by Chief Justice Huff, in the case of Chicago, Rock Island & Gulf Railway Co. v. Shroyer, 197 S. W. 773, after discussing the federal decisions at some length, both in an original opinion and in an opinion on motion for rehearing, declared that the effect of a waiver of the limitation clause would permit discrimination between the parties, and allow by indirection what the carrier could not do directly; and followed the holding of the federal court. In Hous-

ton, East & West Texas Railway Co. v. Houston Packing Co., 203 S. W. 1140, Chief Justice Hightower, of the Ninth Court of Civil Appeals, arrived at the same conclusion, holding that the Interstate Commerce Commission had no authority to authorize an interstate carrier to waive the stipulation with reference to notice of claim for loss. We refer to these decisions, and to the decision of the Supreme Court of the United States cited therein, and deem it unnecessary to prolong the opinion by any further discussion of the issue. Believing that appellant will not be able to allege any facts which will enable it to avoid the effect of the bar, judgment will be here rendered sustaining the general demurrer and dismissing the action.

Judgment rendered; cause dismissed.

BOYCE, J., not sitting.