## HAWLEY et al. v. WARLICK, County Judge, et al.　　(No. 2386.)

(Court of Civil Appeals of Texas. Amarillo. Dec. 3, 1924. Rehearing Denied Dec. 31, 1924.)

**1. Appeal and error ⬤═▶840(4) — Appellate court cannot pass on sufficiency of pleading not passed on below.**

Trial court not having passed on question of paragraphs of petition being subject to demurrer, appellate court cannot do so on appeal from dismissal of suit, on sustaining of plea in abatement going to another paragraph only.

**2. Appeal and error ⬤═▶918(1)—No presumption that plaintiffs would not have amended, if demurrer had been sustained to petition.**

Even if paragraphs of petition which were not passed on by trial court in dismissing suit on plea in abatement to another paragraph, were subject to general demurrer, it cannot be presumed that plaintiffs would not have amended if given opportunity.

**3. Dismissal and nonsuit ⬤═▶58(1)—Plaintiff must have opportunity to amend before dismissal of suit for defective petition.**

Before suit can be dismissed for want of form or because of defectiveness of petition, plaintiff must have had opportunity to amend.

On Motion for Rehearing.

**4. Appeal and error ⬤═▶866(1) — Appellate court can pass on error in dismissing suit on plea in abatement to part only of petition.**

Appellate court has jurisdiction of question raised by dismissal of suit on sustaining plea of abatement going to one paragraph of petition only, though others, the sufficiency of which was not passed on, attempted to set up another cause of action.

Appeal from District Court, Wilbarger County; P. A. Martin, Special Judge.

Suit for injunction by C. C. Hawley and others against O. T. Warlick, County Judge, and others. From a judgment of dismissal, plaintiffs appeal. Reversed and remanded for new trial.

Cook, Cook & Cole, of Vernon, for appellants.

Berry, Stokes & Killough, J. A. Storey, and O. O. McCurdy, all of Vernon, and W. P. Dumas, of Dallas, for appellees.

RANDOLPH, J. C. C. Hawley and W. M. Reed filed in the district court of Wilbarger county their sworn petition against the county judge and the four county commissioners

of Wilbarger county, constituting the commissioners' court of said county, as residents and property tax paying voters of road district No. 4 in Wilbarger county, Tex., alleging substantially that on the 16th day of February, 1924, the commissioners' court of Wilbarger county, on the petition of Frank Star and 120 other persons, ordered an election to determine whether or not bonds should be issued by road district No. 4 in the sum of $150,000, bearing interest not to exceed 5½ per cent. per annum, maturing serially not to exceed 30 years from said date, and on said date said commissioners' court created said road district No. 4, describing said district by metes and bounds, and that notice of said election was duly given.

Appellants' petition for injunction attacks the election, and charges unconstitutionality of the bond issue and illegality of votes cast in said election upon several grounds. Appellees filed their plea in abatement, in which they allege that plaintiffs cannot maintain the suit brought by them, for the reason that road district No. 4 was created upon a petition filed by the requisite number of the citizens of that district; that same was lawfully created, and is now a quasi public corporation, and can only be attacked by a quo warranto instituted by the state of Texas: second, that the plaintiffs' petition is addressed to the general jurisdiction of the district court of Wilbarger county, and the petition shows that it is a contest of an election held in road district No. 4 of said county, and same is not brought in the nature of a contest of an election, and does not comply with the statutes regulating such contests. Upon the hearing of the plea in abatement, the district judge sustained same and dismissed the suit.

Appellant admits that, in its paragraphs attacking the validity of the election, such action of the trial court was proper, but there are two paragraphs in the petition which they claim entitle them to a hearing upon the facts alleged, and, that as to such paragraphs, the trial court's action in dismissing the suit without giving them a hearing, and without giving them an opportunity to amend their petition, was erroneous.

Paragraphs 8 and 9 of plaintiffs' petition are as follows:

"VIII. Your petitioners further represent that heretofore there had been a county-wide road bond election and that bonds had been voted and sold and the money used for the building and equipping a part of the same highway which is sought to be built, and that the property tax paying voters in the present road district No. 4, and their property, have already been taxed and the money used on other parts of said road, and that part of the highway sought to be now built did not receive any of said money, and the money has all been expended on other parts of said county, and in other road districts, and now road district No. 4 is created and another tax will be levied upon your petitioners' property if said road district is allowed to stand and said bonds issued and sold, and that said petitioners' property will thereby be doubly taxed and unproportionately taxed which is violative of their constitutional rights by both the federal and state Constitutions, and that in addition to being taxed to pay for a road running directly into road district No. 3, as hereinbefore alleged, for a distance of two or three miles, they will have to pay twice to secure a road in their own proper district and territory. A map showing said territory is hereto attached, marked Exhibit B and made a part hereof. .

"IX. Your petitioners further allege that the commissioners' court of Wilbarger county, Tex., if not prevented, will sell said bonds, and tax the property of your petitioners to pay same, and that your petitioners have no adequate remedy at law, and, unless the said commissioners' court of Wilbarger county, Tex., be restrained from so doing, they will cause your petitioners great injury as hereinbefore set forth."

[1] It will be observed that no demurrers, general or special, were leveled at the above paragraphs, hence the case is not here upon the sustaining of any such demurrers and failure and refusal to amend. The contention of appellees that paragraphs of the petition above quoted are subject to general demurrer, and, that this being true, we ought to affirm the case, presents no question to us of which we have jurisdiction. In the absence of any action taken by the trial court in holding such paragraphs insufficient upon general or special demurrer, this court has no jurisdiction to pass upon that question. 40-Acre Spring Livestock Co. v. West Texas Bank & Trust Co., 55 Tex. Civ. App. 116, 118 S. W. 791.

[2] Had these matters been presented by demurrers, and had the court sustained the demurrers, and, on refusal of plaintiffs to amend, the court had dismissed the case, we could then have passed upon the sufficiency of such pleading. We cannot presume that the plaintiffs would not have amended their petition had they been given the opportunity, and for that reason, even if the paragraphs so quoted were objectionable so as to be subject to general demurrer, we cannot now pass upon that phase of the question, the plaintiffs not having had their "day in court" upon the very question, and, as stated above, the matter not being presented to us in such form as to give us jurisdiction.

[3] Before the trial court can dismiss a pleading for want of form, or because of defectiveness, the party whose suit is dismissed must have had his opportunity to amend; that right is mandatory. Harris v. Higden (Tex. Civ. App.) 41 S. W. 412; Radam v. Microbe Destroyer Co., 81 Tex. 129, 16 S. W. 990, 26 Am. St. Rep. 783; Boren v. Billington et al., 82 Tex. 138, 18 S. W. 101;

Houston Transfer & Carriage Co. v. Whitcomb (Tex. Civ. App.) 147 S. W. 359.

The judgment of the trial court is therefore reversed, and is here remanded for trial.

### ·On Motion for Rehearing.

[4] While we hold that we have no jurisdiction to determine whether or not the appellants' petition (or the paragraphs thereof, set out in the original opinion) is subject to a general demurrer, we do hold that we have jurisdiction of the question raised by the action of the district court in dismissing appellants' suit, when the trial court sustained the plea in abatement. In other words: A portion of the plaintiffs' petition alleged a cause of action against which appellees pleaded in abatement: Another portion of the petition attempts to set up a separate and independent cause of action. The trial court sustained the plea in abatement, and dismissed both causes of action, the cause of action against which the plea in abatement was urged and also the cause of action which no one had questioned by plea or exception. We do not think we are called on to investigate the merits of plaintiffs' second stated cause of action until that question has come before us by reason of the action of the trial court in passing directly upon such cause of action. This could have been done by appellees presenting a general demurrer to such cause of action, or it might have been that the trial court, giving the appellants a hearing upon the merits of the case, holding that his petition did not state a cause of action and denying the relief asked. In either way, under either procedure, the appellants would have had their day in court, and the action of the trial court could have been regularly brought before us. We cannot sustain the action of the trial court in dismissing plaintiffs' suit because his cause of action, as stated, was found in bad company.

The Galveston Court of Civil Appeals, in the case of Hayden et al. v. Kirby et al., 31 Tex. Civ. App. 444, 72 S. W. 200, say:

"It may be that the petition in this case should be held bad on general demurrer on the ground that it does not allege that there is no administration upon the estate of Peter Hayden pending in this state, and no necessity for such administration; but the general demurrer of the defendants was not passed upon by the court below, and it would be manifestly unfair to plaintiffs for this court, after holding that the plea in abatement was improperly sustained, to affirm the judgment dismissing the suit on the ground that the general demurrer should have been sustained. This would have the effect to deprive plaintiffs of the right to amend, to which he would have been entitled had the court below sustained the general demurrer, and of which he should not be deprived by the error of the court below in sustaining the plea in abatement."

And we feel that it would be manifestly unfair to the plaintiffs, where the court properly sustained the plea in abatement and dismissed the whole suit, to hold that a general demurrer was good against appellants' independent cause of action stated in their petition, when no such demurrer was presented and no opportunity given to amend. See also, Moore v. Byars (Tex. Civ. App.) 49 S. W. 1104.

We therefore overrule the motion for rehearing.