## BECRAFT et al. v. WRIGHT, Co. Atty.

### No. 10373.

Court of Civil Appeals of Texas. San Antonio.

Feb. 2, 1938.

S. L. Gill, of Raymondville, and **H. L.** Yates, of Brownsville (Kennedy Smith, of Raymondville, of counsel), for appellants.

Crane & Glarner and R. F. Robinson, all of Raymondville, for **appellee.**

MURRAY, Justice.

This is an appeal from an order of the district court of Willacy county dismissing appellants' contest of an election held for the purpose of determining whether or not the sale of alcoholic beverages should be prohibited in Willacy county, such an election being commonly known as a local option election.

Appellants, L. F. Becraft, N. G. Cavazos, W. W. Grayson, Fabian Chavez, V. Johnson, Tomas L. Garcia, R. L. Haning, and Alfredo Valdez, instituted this election contest seeking to set aside the order of the canvassing board declaring the result of the election to be a majority of votes favorable to prohibiting the sale of alcoholic beverages, and seeking to have the result of the election declared to be against prohibiting the sale of all alcoholic beverages.

Appellants allege in their statement of their intention to contest the election, in effect, that they each reside in Willacy county and that they were all engaged in the business of retail dealer in fermented malt liquor at the time of the election.

Hubert G. Wright, Esquire, county attorney of Willacy county, filed an answer to appellants' statement of grounds of contest. However, afterwards contestee filed what is termed a motion to dismiss the contest, "for the reason that contestants (appellants) have no justiciable interest in the subject matter of this suit and are not entitled under the laws of this State

to institute or maintain said cause of action." The trial court granted this motion and dismissed the contest. Appellants assign this action of the trial court as error, first, because their petition shows, on its face, that they were proper parties to maintain this election contest; and, second, that if their petition did not disclose such fact, that they offered in open court to amend their pleadings before the cause was dismissed, but the trial court denied them this privilege. Article 666—40a Vernon's Penal Code, 1938 Supplement, provides that any qualified voter of a county, etc., may contest an election held for the purpose of determining whether or not the sale of liquor shall be prohibited. Article 3069, R.S.1925, provides that any resident of such county, or any number of such residents, may contest an election of this nature. The question arises, does the provision of said section 40a limit and restrict the persons who may contest a local option election to any qualified voter, or does such section only extend the provisions of said article 3069? We are of the opinion that said section 40a is merely an addition to article 3069, and in no way a limitation upon same. Section 40a does not say that only qualified voters may contest a local option election, but says that any qualified voter may do so. This provision is in no way in conflict with the provision of article 3069, which says that any resident of the county may contest such an election. The courts have properly held that any resident of a county seeking to contest an election of this nature must show that he has a justiciable interest in the result of the election. It would seem that under the provision of section 40a it would not be necessary for a qualified voter to allege and prove that he had a justiciable interest in the result of an election, but it would be sufficient for him to allege and prove that he was a qualified voter in the county where the election was held and that he voted in the election. However, regardless of whether or not there is a conflict between said section 40a and article 3069, the appellants here offered to amend their pleadings and tendered evidence showing that they, or some of them at least, were qualified voters in Willacy county. The motion made by appellee was nothing more than a demurrer and, if the trial court saw proper to sustain such a demurrer, he should have given to appellants an opportunity to amend

their pleadings before dismissing the case. Article 3047, R.S.1925, expressly provides that the statement and reply in an election contest may be amended in the same manner in which pleadings are amended in civil cases. Bailey v. Fly, 97 Tex. 425, 79 S.W. 299; Messer v. Cross, 26 Tex.Civ.App. 34, 63 S.W. 169; Lipscomb v. Perry, 100 Tex. 122, 96 S.W. 1069. It is a mandatory duty of a trial court to permit an amendment of a pleading to which he has sustained a demurrer. In 15 Tex.Jur. p. 278, § 35, it is stated: "A suit may be dismissed when the petition does not state a cause of action. But a motion to dismiss on this ground should not ordinarily be granted until the plaintiff has been given an opportunity and has declined to amend. * * * Before a pleading may be dismissed for want of form or for other defectiveness, the party affected thereby must have had his opportunity to amend; that right is mandatory."

Accordingly, judgment of the trial court will be reversed, and the cause remanded.