WHELAN et al. v. STATE et al.

No. 6665.

Court of Civil Appeals of Texas.
Texarkana.

Jan. 8, 1953.

John E. Taylor, Marshall, Morton Taylor, Sinton, for appellants.

C. M. Turlington, Marshall, Shirley W. Peters, Dallas, for appellees.

PER CURIAM.

Appellants, the defendants below, were successful in their appeal in the above styled and numbered cause, reported in Tex.Civ.App., 252 S.W.2d 271; namely, the judgment rendered against them in the trial court was in all respects reversed and the cause remanded to the trial court.

The judgment entered in this court on October 9, 1952, decreed that appellees, the State of Texas, Harrison County and Harleton C.S.D. No. 18, Harrison County, Texas, pay all costs of the appeal.

In so taxing the costs, this court was in error. Art. 7333, V.A.R.C.S. of Texas stipulates that in tax suits as here involved in this litigation, " * * * such fees shall be taxed as costs against the land to be sold under judgment for taxes, and paid out of the proceeds of sale of same after the taxes, penalty and interest due thereon are paid, and in no case shall the State or county be liable therefor." See Pope v. State, Tex.Civ. App., 56 S.W.2d 492. This inhibition is likewise applicable to a common school district. Republic Ins. Co. v. Highland Park Independent School District, Tex. Civ.App., 57 S.W.2d 627, 633. With respect to the costs, both in the trial court and on appeal, Art. 7333 is controlling here and is an exception to the general rule restated in Glass v. Great Southern Life Ins. Co., Tex.Civ.App., 170 S.W.2d 247, 249; namely, " * * * where the State enters the courts as a litigant it places itself upon the same basis as any other litigant and costs may be taxed against it." Citing Ibanez v. State, Tex.Civ.App., 123 S.W.2d 704.

To tax the costs of this appeal on appellants who have prevailed would be violative of Rule 131, Texas Rules of Civil Procedure, which stipulates that "The successful party to a suit shall recover of its adversary all costs incurred therein, except where otherwise provided." Glass v. Great Southern Life Ins. Co., supra. Good cause does not exist under this record to adjudge

the costs of this appeal against appellants under the provisions of Rule 141, T.R.C.P.

Absent any provision under our statutes or rules to tax the costs of appeal against appellants or appellee, we are without legal authority to tax same..

This being true, it follows that the mandate should issue as requested by appellees, without the payment of costs, and it is so decreed.