J. W. BARNETT, Appellant,

v.

CITY OF MINERAL WELLS et al., Appellees.

No. 3262.

Court of Civil Appeals of Texas.

Eastland.

Nov. 23, 1956.

Rehearing Denied Dec. 7, 1956.

V. K. Wedgworth, Mineral Wells, for appellant.

Bouldin & Bouldin, Mineral Wells, C. O. McMillan, Stephenville, for appellees.

LONG, Justice.

This is a damage suit instituted by J. W. Barnett against the City of Mineral Wells and two City Commissioners, Gene Fowler and Homer Carriker, as such, and individually. The defendants filed numerous exceptions to plaintiff's petition which were sustained by the court. The plaintiff refused to amend. A plea in abatement to plaintiff's suit was sustained. The case was dismissed. Plaintiff has appealed.

Appellant relies upon the following point for a reversal of the judgment: "The trial court erred in sustaining appellees' said plea in abatement and exceptions and in dismissing appellant's suit." Appellant alleged that for ten years he had been a garbage hauler for hire in the City of Mineral Wells; that the City of Mineral Wells had passed ordinances regulating the hauling of garbage and had declared certain types of trucks used in hauling garbage to be nuisances and subject to seizure under the police powers of the City of Mineral Wells. Appellant further alleged that he had an inherent right, regardless of the ordinances of the City of Mineral Wells regulating the hauling of garbage and the type of vehicle to be used for such purposes, to continue to haul garbage over the public streets of the City of Mineral Wells without a permit from said city and in violation of the ordinances of the city; that he had suffered damages by being deprived of earning a livelihood as a garbage hauler by reason of the passage and enforcement of said ordinance.

The appellees by numerous special exceptions pointed out that plaintiff's petition on its face showed that appellant had no cause of action. We have carefully considered all of the exceptions and appellant's petition and we believe the court properly sustained each special exception. Appellant having refused to amend, the trial court was required under the law to dismiss the suit. We find no error in the judgment of the trial court and it is in all things affirmed.