**C. B. W. DICK and A. W. Gates, Appellants,**

v.

**William Prescott ALLEN and the Laredo Times, Appellees.**

No. 3307.

Court of Civil Appeals of Texas.

Eastland.

May 24, 1957.

Mann & Byfield, Bismark Pope, Maher & Maher, Laredo, for appellants.

Gordon Gibson, Philip A. Kazen, Laredo, for appellees.

LONG, Justice.

C. B. W. Dick and A. W. Gates instituted separate suits for libel against William Prescott Allen and The Laredo Times. These suits by consent of all the parties were consolidated for trial. The trial court sustained special exceptions to plaintiffs' petitions, plaintiffs declined to amend and the cause was dismissed. Plaintiffs have appealed.

Appellant Dick alleged that he was a rancher and cattleman in Webb County and one of the organizers and leaders of the Reform Party, a new political party actively opposing the old party in Webb County, known as the Independent Club. Appellant further alleged that at the time of the publication of the article about which complaint is made, he was an announced candidate for State Senator from District 21, of which Webb County is a part. He further alleged that the term "New Party" is commonly used in said county to refer to the Reform Party and the term "Old Party" to refer to the Independent Club, a party of many years standing in Webb County.

Appellant Gates also alleged that he was a rancher and cattleman with large holdings of land and cattle in Webb County and that he was one of the organizers and leaders of the Reform Party and, at the time of the publication of the alleged libelous article, was a candidate for the office of Mayor of the City of Laredo and endorsed by the Reform Party. Both plaintiffs alleged that appellee William Prescott Allen is the editor and managing officer of The Laredo Times, a corporation, and that said corporation is engaged in the business of printing and publishing a daily newspaper widely circulated in Webb County, known as "The Laredo Times". Appellants alleged that on the 30th day of March, 1956, appellee Allen wrote and published in The Laredo Times the following article:

"We don't mind the New Party making false statements if its leaders figure they need to distort the truth in order to be heard. That seems to be a political way of life.

"A month ago when New Party officials were in our office several times to discuss what was best for Laredo and we were helping them to get organized on a sound basis, they were hollering that taxation was not equal.

"We asked a member of the New Party to get us a list at the Courthouse (for which we offered to pay) of all cattle in Webb County rendered for taxes.

"After several days the New Party refused our request on the grounds it would be damaging to their group."

Appellees excepted to said petition on the ground that the article is not libelous per se and that the facts alleged do not support the innuendoes, inferences and conclusions on which appellants rely to render the article libelous. They also except to said petitions because the facts alleged do not support the inferences and conclusions drawn by appellants that plaintiffs were the individuals to whom the article refers. We believe the trial court was correct in sustaining these exceptions. The appellants declining to amend their petition, it became the duty of the trial court to dismiss the case. In a libel suit to render language actionable it must refer or apply to the plaintiff. 27 Tex.Jur. 611, Sec. 15; McCormick v. Houston Printing Co., Tex.Civ.App., 174 S.W. 853 (Writ Ref.). "Defamatory words, in order to be actionable, must refer to some ascertained or ascertainable person, and that person must be plaintiff." 53 C.J.S. Libel and Slander § 11, p. 52. We realize that it is not necessary that the alleged libelous publication should have mentioned the names of plaintiffs but facts and circumstances must be alleged which point to them as the persons concerning whom the alleged libelous statement in the publication is made. Facts must be alleged from which it can be reasonably inferred that the plaintiffs were the persons intended to be libeled. Harris v. Santa Fé Townsite Co., 58 Tex.Civ.App. 506, 125 S.W. 77. The facts alleged are sufficient if those who knew plaintiffs could discern therefrom that they were the persons referred to. Express Publishing Co. v. Orsborn, Tex.Civ.App., 151 S.W. 574. We are of the opinion that when the article is considered it cannot be determined therefrom that the plaintiffs were the persons referred to therein. The facts alleged

are not sufficient to show that plaintiffs were the persons referred to.

Appellants claim that the article in question, by innuendo, charges them with not declaring all of their cattle for taxation. The only facts and circumstances alleged to support this contention is that they were the only "officers" in the New Party that were cattle owners. This is not sufficient. We have carefully considered the article and we cannot read into the charge that appellants were not rendering all of their cattle for taxation. We have carefully considered the pleadings and have concluded that the trial court did not err in sustaining the exceptions and in dismissing the case.

We find no error in any points presented by appellants. The judgment of the trial court is affirmed.