The CITY OF ALICE et al., Appellants,

v.

BOWERS–WRIGHT FUNERAL HOME, INC., et al., Appellees.

No. 14007.

Court of Civil Appeals of Texas.

San Antonio.

Nov. 21, 1962.

Rehearing Denied Dec. 19, 1962.

Lon D. Herbert, Alice, for appellants.

Sidney P. Chandler, Corpus Christi, for appellees.

MURRAY, Chief Justice.

This is a suit by the City of Alice as plaintiff and Alice Independent School District as impleaded defendant, against Bowers-Wright Funeral Home, Inc., for the collection of delinquent ad valorem taxes against personal property. The suit was filed on January 27, 1958, in the District Court of Jim Wells County, Texas. By an amended petition filed November 6, 1961, Walter Cheshire, Jr., Temporary Administrator of the Estate of Bill McElroy, Deceased, and Annie E. McElroy, a feme sole, individually and as former Independent Executrix of the Estate of Bill McElroy, Deceased, were made defendants. The personal property was described as vehicles, equipment, merchandise, furniture and fixtures. No valuation of the property was shown. The delinquent taxes are alleged to be due for the years 1953, 1954, 1956 and 1957, and the total tax due, together with penalty and interest, was alleged to be $552.19.

The Alice Independent School District in its original pleading sued only Bowers-Wright Funeral Home, Inc., and attached to its pleading an instrument headed "STATEMENT OF TAXES DUE THE ALICE INDEPENDENT SCHOOL DISTRICT, Alice, Texas, Date Nov. 19, 1957." It is addressed to "McElroy Funeral Home," and the taxes are for the year 1956, on property described as "Autos & Equipment, Valuation $3,000.00." The total amount due is stated to be $50.85. There is no showing that any of the taxes were assessed against Bowers-Wright Funeral Home, Inc., or any one else for that matter.

Attached to the amended petition filed by The City of Alice on November 6, 1961, is a statement of taxes due, dated "7-1-60", certified to by Frank A. Read, Tax Assessor-Collector, City of Alice, and addressed to "McElroy Funeral Home (Bowers-Wright)," in which the property is described as follows:

"Pers. Property—Vehicles, Equip., Mdse., Furn. & Fixt., located in said place in City of Alice, Texas.

| Val. | Year | Tax | Penalty & Interest | Total |
|---|---|---|---|---|
| 6,040 | 1953 | 135.90 | 63.87 | 199.77 |
| 6,040 | 54 | 135.90 | 55.72 | 191.62 |
| 3,000 | 56 | 67.50 | 19.50 | 87.00 |
| 3,000 | 57 | 60.00 | 13.80 | 73.80 |
| | | 399.30 | | $552.19" |

---

Bowers-Wright Funeral Home, Inc., filed an answer on February 14, 1958, asking that the cause be dismissed for want of jurisdiction, pointing out the vagueness of the description of the property and alleging that no valid taxes had been assessed against it or the other parties named in the suit. Shortly after filing this answer, the Bowers-Wright Funeral Home, Inc., was liquidated in the 79th District Court of Jim Wells County.

Annie E. McElroy, individually and as Independent Executrix of the Estate of Bill McElroy, Deceased, on December 18, 1961, filed an answer denying the allegations of plaintiff's petition, and contending that the court did not have jurisdiction over any property on which the taxes are alleged to have been assessed, pointing out the indefinite and uncertain description of the property, and asking that the suit be dismissed for insufficiency of the description of the property. She also denied that Walter Cheshire, Jr., was ever temporary administrator of the estate of Bill McElroy.

Annie E. McElroy, individually and as Independent Executrix of the Estate of Bill McElroy, Deceased, also filed a motion to dismiss this cause as to her and said estate because the suit was barred by the four-year statute of limitation.

The trial court sustained this motion, and dismissed the cause for want of jurisdiction, from which judgment of dismissal the City and School District have prosecuted this appeal.

When a City or a School District properly levies a tax on personal property, at that time a lien is created in favor of the taxing authority to secure the payment of the tax. Art. 1060, and Art. 2758, Vernon's Tex.Civ.Stats.; Mission Independent School Dist. v. Armstrong, Tex.Com.App., 222 S.W. 201; City of San Angelo v. Deutsch, 126 Tex. 532, 91 S.W.2d 308.

The County and State has no lien upon personal property assessed for taxes unless and until such property is seized or levied upon. Cassidy Southwestern Commission Co. v. Duval County, Tex.Com. App., 3 S.W.2d 416; International Harvester Co. of America v. Smith, Tex.Civ.App., 91 S.W.2d 827.

We would readily agree that the petition herein under the old practice would have been subject to a general demurrer, but since the adoption of Rule 90, Texas Rules of Civil Procedure, the general demurrer can not be used.

The court under Rule 91, T.R.C.P., may hear special exceptions, and where special exceptions are sustained the plaintiff should first be given an opportunity to amend before there can properly be a dismissal.

The allegations of the petition are so vague and indefinite that it can not be determined from the pleadings whether or not the taxes are barred by the four-year statute of limitation.

 The trial court erred in taxing the costs of court against the City and School District. Art. 7297, Vernon's Tex.Civ. Stats.; Whelan v. State, 155 Tex. 14, 282 S.W.2d 378; Electra Independent School Dist. v. W. T. Waggoner Estate, 140 Tex. 483, 168 S.W.2d 645; Whelan v. State, Tex. Civ.App., 254 S.W.2d 558; Lubbock Independent School Dist. v. Owens, Tex.Civ. App., 217 S.W.2d 186; Sour Lake Independent School Dist. v. Easterling, Tex.Civ. App., 142 S.W.2d 237; Republic Ins. Co. v. Highland Park Ind. School Dist. of Dallas County, Tex.Civ.App., 57 S.W.2d 627.

The judgment is reversed and the cause remanded.