**Ben HAROLD, Appellant,**

**v.**

**HOUSTON YACHT CLUB, Appellee.**

**No. 14379.**

Court of Civil Appeals of Texas.

Houston.

June 11, 1964.

Collins & Moore, Houston, Gene E. Putnam, Houston, of counsel, for appellant.

Price, Veltmann, Skelton & Neblett, Houston, William V. Conover, II, Houston, of counsel, for appellee.

WERLEIN, Justice.

This suit was brought by appellant to recover damages from Houston Yacht Club, appellee, allegedly growing out of certain actions taken by appellee which destroyed the value of appellant's senior membership in the Club and his right to have his membership certificate transferred upon and after his resignation from the Club. All of appellee's special exceptions to appellant's petition and also its objections and exceptions to the written interrogatories served upon it, were sustained by the trial court, and the suit was dismissed with prejudice without giving appellant the right to amend his petition.

Appellant alleged in substance that in 1947 he purchased a senior membership in the Houston Yacht Club for $375.00; that at such time the by-laws of the Club provided for only senior memberships and also provided methods whereby the owner of a senior membership could transfer the same if he resigned in writing; that on October 19, 1959, appellant pursuant to Article I, Sec. 2(c) of the by-laws then in force presented to appellee his written resignation and pursuant to Article I, Sections 2(c) and 2(d) of the by-laws then in force, requested that his membership be transferred; that subsequent thereto appellee, without notice or knowledge of appellant, created new and inferior classes of memberships without its by-laws authorizing it to do so, and such action resulted in substantially reducing the value of appellant's membership; that in further derogation of appellant's rights, appellee in 1961 declared a moratorium on all senior memberships, thereby suspending any and all actions with respect to the sale and transfer thereof, and that such moratorium continued to exist to the time of trial; that appellee's action in ordering such moratorium was not authorized by its existing by-laws and was designed to prevent the sale and transfer of appellant's senior membership, and that as a consequent and direct result of appellee's actions, appellant's membership has lost its value, to his damage in the sum of $375.00.

Appellee filed its original answer containing only a general denial, and later

filed what it denominated its first supplemental answer in which it leveled ten special exceptions to appellant's petition. We shall not lengthen this opinion by setting out such exceptions. An examination thereof shows that they are all merely speaking demurrers. In other words, they do not specifically point out intelligibly and with particularity the defect, omission, obscurity, duplicity, generality, or other insufficiency in the allegations of appellant's petition as required by Rule 91, Texas Rules of Civil Procedure, but recite facts which would require proof. For example, Special Exception No. 2 reads as follows:

"Defendant excepts to Plaintiff's Original Petition because the same is insufficient in law in that it alleges that Plaintiff tendered his resignation under 'Article I, Section 2(c) of the bylaws then in force and effect' for the reason that the procedure for resignations under the bylaws *then in force and effect* was contained in Article V, Section 1. Of which special exception Defendant prays judgment of this Court."

The foregoing example illustrates also the nature of appellee's other exceptions. The law is well settled in this State that a speaking demurrer, i. e., one which contains or relies on allegations of fact other than those in the pleading objected to, is bad. Pyle v. Park, Tex.Civ.App., 196 S.W. 243; Cudahy Packing Co. v. Missouri, K. & T. Ry. Co. of Texas, Tex. Civ.App., 206 S.W. 854, error ref.; Skinner v. Vaughan, Tex.Civ.App., 150 S.W.2d 260; Grogan v. Grogan, 315 S.W.2d 34, ref., n. r. e.; Root v. Republic National Bank of Dallas, Tex.Civ.App., 337 S.W.2d 709. In McDonald's Texas Civil Practice, Vol. 2, Sec. 7.22, p. 645, it is stated:

"Such speaking demurrers were not permitted under the former practice, and are not allowed under the rules. Hence allegations of such new factual matter should be ignored in passing on the legal sufficiency of plaintiff's pleading. If the defendant must rely upon such extrinsic facts, he must raise the point by a plea in abatement or in bar, and may not do so by special exceptions. By virtue of a recent amendment to the rules, he may also raise such defensive matters by a motion for summary judgment, even before answer, when he believes they will determine the action."

Even if proper special exceptions had been directed to the allegations in appellant's petition, and had been sustained by the court, the case should not have been dismissed by the court without first giving appellant an opportunity to amend his petition. Assuming, but without determining, that appellant has not pleaded a good cause of action, it would be impossible for any court, without proof or evidence, to say that appellant could not possibly amend his petition so that it would state a good cause of action. The law is well established in Texas that the right to amend is mandatory and that before a pleading can be dismissed for want of form or other defectiveness, the party affected must have an opportunity to amend. If he declines to amend, the pleading if insufficient may then be dismissed. Becraft v. Wright, Tex.Civ. App., 113 S.W.2d 270; Hawley v. Warlick, Tex.Civ.App., 267 S.W. 332; Silas v. Butler, 285 S.W.2d 266, error ref.; Barnett v. City of Mineral Wells, 163 Tex.Cr.R. 538, 295 S.W.2d 924, ref., n. r. e.; Dick v. Allen, 303 S.W.2d 390; Clark v. City of Dallas, Tex.Civ.App., 228 S.W.2d 946; City of Alice v. Bowers-Wright Funeral Home, Inc., Tex.Civ.App., 362 S.W.2d 888; International Longshoremen Ass'n. Independent v. Galveston Mar. Ass'n, Tex.Civ.App., 358 S.W.2d 607; 20 Tex.Jur.2d, pp. 210–211, Sec. 29.

We are also of the view that the trial court erred in sustaining appellee's objections to appellant's written interrogatories and in holding that the same were served to cause appellee annoyance, expense, embarrassment and oppression. This

action of the court probably resulted from the court's conclusion that appellant's pleading could not be amended and that his suit should be dismissed.

Reversed and remanded.