**Bill WATKINS et al., Appellants,**

v.

**NEW DIANA INDEPENDENT SCHOOL DISTRICT et al., Appellees.**

**No. 8561.**

Court of Civil Appeals of Texas, Texarkana.

June 27, 1978.

Clifton L. Holmes, Kilgore, for appellants.

Welby K. Parish, Parish & Smith, Gilmer, for appellees.

RAY, Justice.

This is an appeal from an order of the District Court of Upshur County dismissing appellants' (plaintiffs), Bill Watkins, et al., cause of action in an ad valorem tax suit. Appellants filed their petition, as taxpayers and residents of the New Diana Independent School District, seeking injunctive relief against appellees, the school district and certain named members of the school district board of trustees and board of equalization. Appellants sought and obtained a temporary restraining order against appellees. Subsequently the court conducted a hearing on appellants' application for a temporary injunction and considered appellees' motion to dismiss the case. The court ultimately sustained appellees' motion to dismiss without formally ruling on appellants' application for a temporary injunction. Appellants had sought to enjoin the approval of a tax roll which appellants alleged had been prepared under and based upon a plan or scheme of evaluation which was fundamentally erroneous and arbitrary and to enjoin the collection of the school tax.

Appellants have perfected their appeal and submit one point of error for our consideration. The point of error is as follows:

"The trial court erred in granting Defendants' Motion to Dismiss."

Appellees' motion to dismiss states (1) that the appellants failed to state a cause of action; (2) that the appellants failed to show that the board of equalization acted fraudulently; and, (3) that the plan of assessment is fair to all property owners and is not discriminatory.

Appellants' cause of action was not subject to involuntary dismissal at the time the trial court entered its order. If the court found that appellants had not stated a cause of action, then the appellants should have been afforded an opportunity to amend their pleadings. 4 McDonald's, Texas Civil Practice, Sec. 17.17, p. 97 (1971); 20 Tex.Jur.2d, Dismissal, Etc., Sec. 29, p. 210; *Harold v. Houston Yacht Club*, 380 S.W.2d 184, 186 (Tex.Civ.App. Houston 1964, no writ). Even if the trial court was of the opinion that the temporary injunction should have been denied, the appellants are nevertheless entitled to a trial upon the merits to determine whether they should receive a permanent injunction. *Owens-Illinois, Inc. v. Little Cypress-Mauriceville Independent School District*, 481 S.W.2d 477, 483 (Tex.Civ.App. Beaumont 1972, no writ).

Appellees suggested at oral argument that the matters complained of by appellants are now moot. We find such contentions to be without merit. The same contentions were made in *Owens-Illinois, Inc. v. Little Cypress-Mauriceville Independent School District*, supra, and were thoroughly discussed and found wanting.

We hold that the trial court erred in dismissing the cause of action of the named appellants. The case is reversed and the cause remanded to the trial court for further proceedings.