## SCHUMACHER OIL WORKS v. KEISLER.

### No. 9446.

Court of Civil Appeals of Texas. Galveston. July 21, 1930.

Rehearing Denied Oct. 2, 1930.

T. P. Buffington, of Anderson, and J. B. Leigh, of Navasota, for appellant.

Haynes Shannon and R. W. Dean, both of Navasota, for appellee.

PLEASANTS, C. J.

This suit was brought by appellant to recover upon a note in its favor for the sum of $2,223 executed by appellee on July 7, 1920, and due on or before December 1, 1920, with interest at the rate of 8 per cent. per annum.

Plaintiff's original petition was filed on October 19, 1925.

The defendant answered by general demurrer, general denial, and by special plea of limitation of four years. He further specially answered by alleging various items of indebtedness of plaintiff to him at the time the note was executed, aggregating a sum in excess of the amount of the note sued on by plaintiff. He further pleaded:

"That the agent of the plaintiff perpetrated a fraud upon the defendant at the time defendant was induced to sign said note. That said note is void for want of consideration, and said note was merely an accommodation note until parties could adjust accounts.

"Wherefore, defendant prays judgment, that the plaintiff take nothing by this suit, that the defendant go hence with all costs in this behalf expended; that the note sued on be decreed to be void for want of consideration, that defendant have judgment over and against the plaintiff for said sum of $2419.90 the amount really due defendant, for damages in the sum of $5000.00 for costs of Court and relief special and general legal and equitable."

The final pleadings upon which the case was tried consisted of plaintiff's original and first and second supplemental petitions and defendant's second amended answer:

Plaintiff's first supplemental petition alleges that the renewals of the note alleged in the original petition whereby defendant renewed his promise to pay were made on the dates mentioned in the petition "by letters of said respective dates which said letters so renewing said indebtedness are hereto attached, marked Exhibit A, B, C and D, and made a part hereof." (These letters will be hereafter set out.)

"Wherefore Plaintiff prays for judgment as prayed for in said Original Petition filed by it herein, for costs of Court and for all other and further relief to which Plaintiff may be entitled in law or equity."

Plaintiff further specially denied all of the items of indebtedness alleged in defendant's answer, and denied defendant's plea of want of consideration.

The letters referred to in this petition are as follows:

"Exhibit A

"Richards, Tex., Jan. 2, 1923.

"Mr. R. A. Horlock,
. "Navasota, Texas.

"Sir

"I have seade the bank and the sed that the wood try to let me have a litel money in feburey I wish that I cod git it all for you you will hafty Bear with me I am going to setel up this fall or sell out I cant Seell any thing now I am sorey that I cant pay my dets but I have not made expences in fore years now Mr. Holock be pacenty with Me

Ande oblige          J. T. Keisler.

"Exhibit B

"Richards, Tex., 10—28—1923.

"Mr. R. A. Holorck
"Navasota, Texas.

"Sir

"I have Ben sick ande as soon as I can come down I will com I will Pay ever cent that I owe evey Body.

"Dont be onesly
"Oblige          J. T. Keisler.

"Exhibit C

"Richards, Tex., 12—21—23.

"Mr. R. A. Holock
"Navasota, Texas.

"I will com down as quick as the rodes will permit the is offil

"I want to setel as Bad as you doo

"Dont git wored for I will com down

"I will pay you ever Dolar th I owe you if you give me time I will com.

"Oblige          J. T. Keisler.

"Exhibit D

"Richards, Texas, 2/22/24.

"Mr. R. A. Horlock
"Navasota, Tex.

"I receive your letter to day Mr. Horlock I can not Pay till fall for I have to Pay Mr.

Bookman now pleas wate till fall ande I will pay you ever cent that I ow you if I have too ship you seede I will fix someway Dont git one easy.

"Respt.          J. T. Keisler."

By his amended answer upon which the case was tried the defendant amplified his exceptions to plaintiff's original and supplemental petition, renewed his plea of limitation, and more fully stated his cause of action against plaintiff and the items of indebtedness for which he asked recovery against plaintiff.

Defendant's special exception to allegations of plaintiff's petition setting up the renewal of the note are as follows: "(a) That said petition on its face shows that the cause of action is barred by the Four-Year Statute of Limitation, and the plaintiff attempts to allege that said cause of action, or note sued on, had been renewed by the defendant by alleging that on certain dates the note sued on had been renewed, but said petition does not allege that said renewal was in writing as required by law, nor does it allege any fact or facts showing a renewal save and except the conclusion of the pleader; (b) that the petition, wherein it attempts to allege the renewal of the note sued on, is wholly insufficient in law for the further reason that said alleged renewal is not set forth in words and figures showing when, how, where, nor any writing (by which) the defendant renewed said note, and said petition does not set out the contents of the instrument of writing by which the defendant renewed said note. That is to say, that if the defendant did renew the note sued on at the times alleged by plaintiff, which said renewal the defendant denies absolutely, then said plaintiff in his petition should have set out in full the instrument in writing which renewed said note, and said petition is wholly insufficient in law in failing to allege the contents of such alleged instrument of renewal. Wherefore, defendant prays judgment of the court that this special exception be sustained, and that upon final hearing of this cause that the plaintiff be not permitted to introduce any evidence of a renewal of the note sued on."

An indebtedness of $1,500 claimed against plaintiff is thus alleged in this answer: "That defendant answering further says that the plaintiff owned an old gin and gin house located and situated in the town of Richards, Texas, near a gin and gin house of the defendant. That during the year 1919 plaintiff and defendant entered into an agreement which said agreement the plaintiff never complied with, by the term of which defendant was required to pay to plaintiff 66 cents per bale for every bale of cotton ginned at defendant's own gin; That during the Fall of 1918 the defendant ginned 1300 bales of cotton and paid the plaintiff the sum of $780.00 in cash, that during the year 1919 defendant paid the plaintiff for 800 bales at sixty cents

per bale aggregating the sum of $480.00 that in 1920 the defendant paid plaintiff for 400 bales at sixty cents per bale or the sum of $240.00; said sums paid as a bonus to plaintiff for said three years amounting to the sum of $1500.00.

"That the defendant was entitled to a credit on the books of plaintiff for said sum of $1,-500.00 for bonus at the time defendant signed said note together with said sum of $2,000.00. Defendant says further, that the pretended consideration for said sum of $1500.00 was that plaintiff would keep its gin in good order, and if the defendant should break down or need an extra gin that defendant could use said gin at any time; that the defendant did break down during said years 1918, 1919, and 1920, and tried to use said gin of plaintiff but defendant discovered that said gin of plaintiff was worthless and could not be used at all."

By its second supplemental petition plaintiff excepted to these allegations of defendant's answer upon the following grounds: "Plaintiff excepts to all of that portion of Paragraph or Section Three of said Second Amended Original Answer, in which it is alleged that a certain contract alleged by such defendant to have been entered into by and between plaintiff herein and the defendant was an agreement in violation of the Anti Trust Laws, and for that reason void, and so much of said Section Three as seeks to recover of and from the plaintiff herein the sum of $1500.00 alleged to be due and owing the defendant because of such void agreement, because the pleading of defendant shows on its face that if such agreement be held to be violative of the anti trust laws that the defendant J. T. Keisler was a party thereto and participated therein and should not be heard by pleading in an attempt to take advantage in favor of himself for such violation of the law and penalize the other party to such agreement. Wherefore, plaintiff prays that all portions of such answer so set out be stricken from the record."

Defendant's exceptions to plaintiff's petition alleging the renewal of the note by the defendant were overruled. After hearing the evidence the court instructed the jury to return a verdict for the defendant on his plea of limitation against plaintiff's suit, and in favor of plaintiff on defendant's suit against him. Upon the return of this verdict judgment was rendered accordingly.

Under appropriate assignments and propositions, appellant complains of the charge of the court instructing a verdict against it.

We think these assignments should be sustained. The defendant made no denial of writing the renewal letters pleaded by plaintiff and set out above. These letters acknowledge an indebtedness to plaintiff and expressly promise to pay it. They show on their face that they were written in reply to letters received by defendant from plaintiff requesting payment of his indebtedness. The undisputed evidence shows that Mr. Horlock, to whom they were addressed, was the general manager of plaintiff corporation. Mr. Wesson, who is and has been since 1909 vice president of plaintiff corporation, after identifying the original note which was put in evidence, further testified: "I am familiar with these letters (here indicating those above set out). They were received in reply to letters I wrote Mr. Keisler, at Mr. Horlock's suggestion. Mr. Horlock was the manager of Schumacher Oil Works. He held such position on the several dates shown on the note and letters, and continued to hold such position until his death sometime in December of 1926. That was after the institution of this suit. I wrote Mr. Keisler several letters, at Mr. Horlock's suggestion, and these letters are the ones we received in reply."

This witness was then asked by plaintiff's attorney what the letters he wrote the defendant were about. The defendant objected to this question on the ground that the letters were the best evidence of their contents. This objection was sustained by the court and the witness was not permitted to answer the question, and plaintiff excepted to this ruling of the court. Subsequently, on cross-examination by the defendant's counsel, this witness stated without objection from defendant's counsel: "I know his letters are about the note because I was writing to him about the note. He owed us this note and also an open account."

Upon this state of the record we must assume either that the nonproduction of the letters was accounted for or that defendant waived the objection previously made to this testimony. If the letters of the defendant acknowledging and promising to pay his indebtedness to plaintiff were written in reply to letters from plaintiff demanding payment of the note, they are a sufficient renewal of the note to remove the bar of limitation (Rev. St. 1925, § 5527).

The general rule that extrinsic evidence is admissible to identify the indebtedness for which a written acknowledgment and promise to pay was given the creditor by the debtor was recognized and followed by this court in the case of Stein v. Hamman, 13 S.W.(2d) 234, and approved by the Commission of Appeals in answer to certified questions in that case. Stein v. Hamman, 9 S.W.(2d) 1104.

The case of Cotulla v. Urbahn, 104 Tex. 208, 135 S. W. 1159, 1160, 34 L. R. A. (N. S.) 345, Ann. Cas. 1914B, 217, cited and relied upon by appellee to sustain the ruling of the trial court that the letters of the defendant acknowledging and promising to pay all of his indebtedness to plaintiff, written to plaintiff's general manager in reply to letters from the vice president of plaintiff corporation re-

questing the payment of the note evidencing the indebtedness sued on in this case, were not sufficient to renew the obligation of the note, is easily distinguishable from this case. The exact question decided in that case is thus correctly stated in the syllabi: "Where letters of defendant relied on as a new promise to pay a note to plaintiff barred by limitation were addressed to a third person to whom defendant was indebted, and there was no reference therein to plaintiff, and no acknowledgment thereof, nor any written acknowledgment of defendant's debt to plaintiff, parol evidence is inadmissible to show that a general acknowledgment made to such third person was intended to revive defendant's debt to plaintiff."

This statement of the question decided in that case shows that the decision is not controlling in the instant case. The inapplicability of the holding in the Cotulla Case to the facts of this case is clearly shown by this excerpt from the opinion of the learned judge who spoke for our Supreme Court in that case:

"It has been held from a very early day in this state, and such is practically the universal rule, that the action in such case is on the new promise, and that the original indebtedness serves only to furnish a consideration for such promise or an indebtedness to which it may relate and attach.

"It seems also to be settled that such new obligation must either evidence an express promise to pay the debt or an unequivocal acknowledgment of its justness from which it is said the law will imply a promise to pay it. As to whether a given instrument or any number of instruments contain such promise as will relieve the bar of the statute is, it seems, a matter of law, to be determined by the court, and this judgment must be based solely on the written instrument or instruments relied on. It has, however, subject to certain well-defined limitations, been not infrequently held that it may be a matter for the jury as to whether such written promise is to be applied to a debt not in terms named, and that to enable the jury to so decide parol evidence is under some circumstances and subject to well-defined rules admissible. But that it ought in any case be permitted to apply a written promise made to one person to include and save from the bar a debt to another person where the writer is also indebted to the addressee of such letter, unless there is something in the latter to identify or tending to identify such debt, we cannot believe. The promise in this case was not made to Urbahn. The letters were not addressed to him. They did not refer in terms to his debt or even hint at or recognize such debt. If in the case before us it could be held to save his debt from the bar, in the same way such promise could save any and every debt held by the bank for collection."

The further statement in that opinion of the general rule "that if there is a written promise to pay a barred debt generally without identifying it, and it appears that there is more than one debt owing the party to whom such general promise is made, the writing is ineffectual to relieve the bar of the statute as to any of the debts," cannot be fairly interpreted as requiring the writing itself to expressly identify the debt intended to be renewed. That is certain which can be made certain, and when defendant, in answer to a letter to him from the plaintiff requesting the payment of this note, wrote plaintiff in substance not to be worried and that he would come down and pay every dollar he owed the plaintiff if plaintiff would give him time, it seems clear to us that there is a sufficient identification of the debt of which the acknowledgment and promise to pay was made by the writing. It can hardly be doubted that the two letters, the one from plaintiff asking for payment of the note and defendant's reply asking for time and promising to pay plaintiff all he owed him, should be considered together in determining the sufficiency of the renewal, and when so considered it seems certain that defendant's written promise to plaintiff to pay it every dollar he owed it renewed his promise to pay this note.

■ The defendant testified that his letters to plaintiff, above set out, were written about his open account with plaintiff. He does not say that plaintiff's letters to him to which his letters were replies did not demand payment of the note, but the effect of his testimony as whole is that if a balance had been struck on the various accounts between him and plaintiff he did not owe plaintiff anything at the time he wrote the letters to plaintiff, but on the contrary plaintiff was indebted to him.

In this state of the evidence we think the jury should have been permitted to determine the issue of whether the note in question was the indebtedness or a part of the indebtedness referred to in defendant's letters.

■ We think the trial court correctly overruled plaintiff's special exceptions to defendant's answer. We agree with plaintiff that defendant is not entitled to recover from plaintiff any money he may have paid under a contract between him and plaintiff prohibited by our anti-trust statute (Rev. St. 1925, arts. 7426–7438). In a situation of this kind the law leaves parties just where they have placed themselves, and permits neither to assert rights arising under the illegal contract. But the contract pleaded in defendant's answer is not on its face obnoxious to the statute.

We think defendant's cross-assignments complaining of the charge of the court instructing a verdict for plaintiff on defendant's cross-action should be sustained. The pleading and evidence on defendant's claim of

indebtedness of plaintiff to him raise issues of fact which defendant was entitled to have the jury pass upon.

It follows from these conclusions that the judgment should be reversed and the cause remanded, and it is so ordered.

Reversed and remanded.