## C. W. HAHL CO. v. GREGG REALTY CO.

### No. 9855.

Court of Civil Appeals of Texas. Galveston.
March 16, 1933.

Rehearing Denied April 20, 1933.

J. R. Hill, of Houston, for appellant.

W. P. Neblett, of Houston, for appellee.

GRAVES, Justice.

The appellee, Gregg Realty Company, sued J. D. Martin and C. W. Hahl Company, a corporation, setting forth that Martin had executed and delivered to the defendant C. W. Hahl Company his note for the sum of $380.63; that the Hahl Company, for a valuable consideration, sold, indorsed, assigned, and delivered the note to the appellee in due course and before its maturity; that demand had been made of both defendants to pay the same, and the defendant Hahl Company, in writing, had requested extensions of the note, which had been granted, likewise in writing. The note was secured by a deed of trust on 80 acres of land in Brazoria county. The appellee pleaded that J. D. Martin was a "straw man," acting for the Hahl Company, and that as a matter of fact the latter had become primarily liable for the plain-tiff's debt, more especially by reason of its written requests for the extensions.

The defendant Hahl Company, in its answer, pleaded the four-year statute of limitation (Rev. St. 1925, art. 5527) against the cause of action set up by the plaintiff, and further answered that defendant J. D. Martin, the maker of the note, was the primary obligor. It also filed its cross-action against him for whatever amount might be adjudged against it, on which cross-action service had been issued by publication. The court appointed the Honorable Lawrence Du Mars, an attorney of Harris county, to represent J. D. Martin, but upon the announcements of ready for trial, the appellee dismissed as to J. D. Martin, and relied upon making proof that the defendant Hahl Company was in fact the principal obligor. The defendant Hahl Company adopted the same theory of the case, made no objection to Martin's being thus let out, but in turn dismissed its cross-action against him.

After all of the evidence was adduced, the trial court found in favor of the appellee against the Hahl Company, from which judgment it duly excepted and has duly prosecuted this appeal.

No assignments of error, nor motion for rehearing, were made by the appellant, and no claim of fundamental error is set up in its brief; the only error complained of is that the trial court allowed the appellee to dismiss its cause of actions against Martin, the maker of the note.

The contention presented to this court is that the trial court erred in so permitting the appellee to dismiss its alleged cause of action against Martin, "there being no allegations in the appellee's petition that said Martin resided beyond the limits of the State, or that he could not be reached by the ordinary process of law, or that his residence was unknown and could not be ascertained by the use of reasonable diligence, or that he was dead, or actually or notoriously insolvent"— R. S. arts. 1986, 1987 and 2088, being cited in support.

There is no merit in the presentment. Under the invoked statute, it is true that the rule in Texas—with certain exceptions— is that no judgment may be rendered against a party not primarily liable on a promissory note, unless judgment be also rendered against the principal obligor; but that is where no statutory excuse is pleaded that would dispense with that requirement. In this instance, however, such a valid reason for taking this case out of the operation of that general principle was not only alleged but undisputedly proved, in that it was charged and shown that Martin had never at any time been other than a straw man for the appellant, that is, its alter ego, and acting for its

benefit, and that this relationship had been subsequently expressly acknowledged in writing by the appellant, whereby it had requested and in like manner received at least two different extensions upon the note in its own behalf; in fact, in one of these it expressly advised the appellee that it had taken over the land involved from the original nominal obligor on the note, Martin, and in consequence it obligated itself directly in the two extensions referred to to pay the obligation; so that, under such authorities as R. S. arts. 1986, 1987, and the holding of this court in Schumacher Oil Works v. Keisler (Tex. Civ. App.) 31 S.W.(2d) 461, the note thereafter became—if it had not always been—the primary obligation of the appellant, regardless of its having been originally signed by Martin only as maker.

Furthermore, as our statement has indicated, this dismissal of appellee's declared-upon cause of action against Martin was had before the trial began, and appellant not only at the time made no objection thereto, but further dismissed its own claim against him, and thereby joined in reducing the only issue before the court to one of whether or not Martin had been the principal obligor upon the obligation as between the parties remaining in the suit; the adverse judgment to appellant can therefore only be interpreted as a finding against appellant upon that question; this alone settles the controversy against it.

Pursuant to these conclusions, the trial court's judgment will be affirmed.

Affirmed.