## NATIONAL BANK OF COMMERCE OF HOUSTON, TEX., v. IRVINE et al.
### No. 9350.

Court of Civil Appeals of Texas. San Antonio.

July 11, 1934.

Rehearing Denied July 11, 1934.

Huggins, Kayser & Liddell and Gainer B. Jones, all of Houston, for appellant.

Polk & Thompson and Mitchell & Hartley, all of Pharr, for appellees.

SMITH, Justice.

This opinion will be substituted in lieu of the original opinion which is withdrawn.

Prior to April 28, 1920, Pharr Townsite Company owned lots Nos. 5, 6, 7, 8, 11, 12, and 13, in block No. 46, in the town of Pharr, Hidalgo county.

On said April 28, 1920, the Townsite Company sold and conveyed said lots Nos. 11 and 12 to B. F. Johnson, who, in consideration of the conveyance, executed and delivered his three vendor's first lien notes for $1,166.66 each, numbered 1, 2, and 3, respectively, and payable in one, two, and three years, to Julia K. Irvine; and also his three vendor's second lien notes, numbered 1, 2 and 3, for $883.33 each, payable in one, two, and three years, to R. E. Goree. After notes 2 and 3 of the first-mentioned series of vendor's first lien notes

had become barred by the four-year statute of limitation, to wit, on November 3, 1927, the maker and payee entered into an agreement to extend the time of payment thereof to April 28, 1928, and April 28, 1929, respectively; but this extension agreement was withheld from registration until January 11, 1932, when it was filed for record and recorded. And on January 7, 1925, before the limitation period lapsed, notes Nos. 2 and 3 of the last-named series of second lien notes were extended by agreement of the parties to make them mature on July 7, 1925. This extension agreement was forthwith filed and recorded.

On April 3, 1926, said Pharr Townsite Company sold and conveyed said lots Nos. 5, 6, 7, and 8, to said B. F. Johnson, who in consideration of the conveyance executed and delivered his two vendor's lien notes for $40) each, payable to Pharr Townsite Company in one and two years, respectively.

About March 8, 1928, said B. F. Johnson and wife sold and conveyed all said lots 5, 6, 7, 8, 11, 12, and 13, to said R. E. Goree, and in the conveyance the consideration therefor was recited to be: "The sum of Ten and no/100 ($10.00) Dollars, to us in hand paid by Robert E. Goree in cash, the receipt of which is hereby acknowledged and confessed, and subject to existing indebtedness now due and owing on the property herein conveyed, evidenced by vendor's lien notes due on said property hereinafter described, which the grantee herein assumes and agrees, binds and obligates himself to pay."

On June 20, 1930, R. E. Goree executed a nonnegotiable obligation evidencing his existing indebtedness to Weatherford, Crump & Co., a corporation of which he was an executive officer, in the sum of $6,459. It was stipulated in this obligation that Goree should not be personally liable for its payment, but that the payee should look solely to the security thereupon given in the form of a deed of trust executed by Goree and conveying in trust to L. E. Blankenbecker the said lots 5, 6, 7, 8, 11, 12, and 13, for the benefit of said Weatherford, Crump & Co. On September 1, 1931, the latter corporation assigned said Goree obligation and deed of trust lien to Public National Bank & Trust Company, which in turn, through its receiver, on June 2, 1933, conveyed the same to the National Bank of Commerce of Houston, Tex.

On April 2, 1932, Julia K. Irvine, appellee herein, brought this action against Goree, Blankenbecker (as trustee), and Weatherford, Crump & Co., to recover the amount of said vendor's lien notes 2 and 3, of the first series

(for $1,166.66 each), and to foreclose the vendor's lien upon said lots 11 and 12. Weatherford, Crump & Co. failed to answer, and Blankenbecker disclaimed. The National Bank of Commerce of Houston, Tex., hereinafter designated appellant, intervened, set up its ownership, by assignment, of the Goree $6,459 obligation to Weatherford, Crump & Co. and the deed of trust lien to secure same; alleged that the notes and lien sued on by appellee were barred by the four-year statute of limitation; that they were so barred of record prior to the creation of appellant's debt and lien, and that the extension agreement relied upon by appellee was not filed for record until appellant and its predecessors in title had each acquired the debt and lien here asserted by appellant, for valuable consideration and without notice of such extension agreement; that if appellee had or has any rights such rights are subordinate to appellant's claim, which it asserted in a cross-action in which it prayed for foreclosure upon all the property mentioned, including lots 11 and 12, upon which appellee asserted a first lien. Goree answered, pleading specifically the four-year statute of limitation against appellee's claim, and adopting the pleadings of appellant, as above set out.

Upon a trial before the court without a jury, judgment was rendered that both Julia K. Irvine and the National Bank of Commerce of Houston, Tex., have foreclosure of their respective liens, but that the lien of Mrs. Irvine have priority over the lien of the bank as to said lots 11 and 12. The bank has appealed.

■ It is contended by appellant that the contract by which B. F. Johnson obtained an extension of the maturity date of his notes held by Mrs. Irvine was invalid, because the agreement was signed only by Johnson, without the joinder of his wife, and after the debt was barred; that the property involved was the homestead of the Johnsons and when the debt became barred the lien securing it was thereby extinguished and could not be thereafter revived by the act of the husband alone. We overrule this contention. The rule seems to be that if no fraud is intended or imposed upon the rights of the wife, the husband may alone renew a debt and lien against the homestead, for purchase money, even though the debt be already barred. Speer Mar. Rights, § 414; Jackson v. Bradshaw, 24 Tex. Civ. App. 30, 57 S. W. 878 (writ refused); Id., 28 Tex. Civ. App. 394, 67 S. W. 438; Hall v. Hix (Tex. Civ. App.) 297 S. W. 491 (writ refused). We overrule appellant's fifth proposition.

So is it contended by appellant that the language of the agreement by which Goree assumed the debts outstanding against lots 11 and 12 was too general to effectually bind him to pay the debt evidenced by the notes held by Mrs. Irvine, and was therefore ineffectual to remove the bar of limitation from that debt. We overrule this contention also.

An agreement of assumption need not expressly identify the particular debt to be assumed. 28 Tex. Jur. p. 264, § 167; Schumacher Oil Works v. Keisler (Tex. Civ. App.) 31 S.W.(2d) 461.

And parol evidence is admissible for the purpose of that identification. Id.

The question of such identification, then, is one of fact. Id. In this case the trial judge found, upon ample evidence, that Goree intended to and did, in fact, specify the notes in question as the object of his obligation. We overrule appellant's first, second, third, and fourth propositions.

Appellant contends in its remaining propositions that upon the facts hereinabove stated it had no notice of the matters relied upon by appellee to maintain the seniority of her lien and avoid the bar of limitation, and that therefore appellant's original junior lien upon lots 11 and 12 should be given priority over appellee's lien under the doctrine of innocent purchaser. We think this contention must fail under the following findings of the trial court, which we here adopt as the findings of this court:

"2. That Robt. E. Goree and B. F. Johnson both had in mind the two notes payable to Plaintiff, Julia K. Irvine at the time of the transfer of the property by deed from Johnson to Goree, and that Goree did knowingly and intentionally assume this indebtedness, which has not been discharged, is past due, justly owing and not barred by limitation.

"3. That Robt. E. Goree was an officer of Weatherford-Crump & Company and was acting on behalf of that Company when the deed of trust in question and upon which the Intervenor relies, was executed to Blankenbecker in behalf of Weatherford-Crump & Company. That said deed of trust was executed to secure an antecedent debt owing by the Pharr Gin and Warehouse Company to Weatherford-Crump & Company. That Goree being an officer of Weatherford-Crump & Company, acting for it, and himself having full knowledge of the status of the Irvine notes, the Weatherford-Crump & Company was accordingly charged with knowledge, and in addition to knowledge with such notice as the record assumption in the deed from Johnson and wife to Goree would give it.

"4. That the Public National Bank and Trust Company of Houston acquired the note and security which is being sued upon by the National Bank of Commerce of Houston without any actual knowledge of the Irvine notes, or the extension agreement relied upon by Plaintiff, and that the evidence in this case shows that very probably an additional line of credit was at that time extended by said Bank to Goree in consideration of the assignment of said $6459.00 note and the deed of trust lien securing it to said Bank by Weatherford-Crump & Company, and the Court so finds. The Court further finds that said $6459.00 note was nonnegotiable and that it was past due at the time it was assigned to said Bank. In addition the Court finds that the assumption in the deed of conveyance from Johnson to Goree was a part of Intervenor's chain of title and that said assumption together with the record of the original deed from Pharr Town site Co. to Johnson describing and securing the Irvine notes, was sufficient to put the Bank upon notice and to require of it such inquiry as a reasonably diligent man would make. The Court further finds that the Bank would at least have been required to make inquiry of both Goree and Mrs. Irvine and that if such inquiry had been made, that it would have ascertained the true facts and have learned that the deed of trust from Goree to Blankenbecker in behalf of Weatherford-Crump & Company was a junior and inferior lien to that of plaintiff Irvine.

"5. The Court finds that the vendor's lien herein asserted and relied upon by Plaintiff Julia K. Irvine was and is a valid and subsisting first lien and was and is superior to that asserted and relied upon by Intervenor in this case."

The judgment is affirmed.