## BRUCE et al. v. THOMAS et al.

### No. 1891. .

Court of Civil Appeals of Texas. Waco.

May 27, 1937.

Rehearing Denied June 17, 1937.

J. L. Gammon and G. Goodwin Sweatt, both of Waxahachie, for appellants.

Mark Smith, of Waxahachie, for appellees.

GALLAGHER, Chief Justice.

A brief statement of the facts out of which this suit arose will aid in a ready understanding of the issues of law involved. Appellee N. J. Thomas, on January 11, 1913, sold to appellants, Ike Bruce and Jennie Bruce, husband and wife, a house and lot in the city of Waxahachie. Appellants, in consideration therefor, executed and delivered to appellee 100 promissory notes bearing said date, one of which became due on February 11, 1913, and one on the 11th day of each successive month thereafter. Each of said notes was for the sum of $7.50 and bore interest from maturity until paid at the rate of 10 per cent. per annum. Each also provided for the payment of attorney's fees. Appellee testified that he executed a deed conveying said property to appellants, reciting the execution and delivery of said notes by them, but that the same was never delivered to them, or either of them, because it was agreed between them that no deed should be delivered until they had paid a certain amount on the indebtedness evidenced by said notes within a specified time, and such agreement was not complied with.

Appellants immediately occupied said property as a home and were still occupying the same at the time of the trial of this case. After the purchase of the property and the execution and delivery of the notes as aforesaid, appellee sold appellants lumber to build another room to the house, for which they agreed to pay him the further sum of $112.50. Appellee testified that he paid the taxes on said property because appellants did not pay them. He further testified that he kept an account of all the items aforesaid and of all sums paid him by Ike Bruce, and that when the balance in Bruce's favor was sufficient to discharge one or more notes, he receipted the same and turned them over to said Bruce; that he had so receipted and turned over to Bruce 68 of the original 100 notes representing the purchase price of said property; that nothing had been paid to him on said notes after 1928; and that he still held 32 of the same.

Appellee and Ike Bruce, on October 21, 1932, had a settlement of their accounts. In consummation of such settlement, appellee executed and delivered to said Ike Bruce a general warranty deed to said property. The consideration recited in said deed was $10 cash in hand paid and the execution and delivery by the grantee of two promissory notes, the first for the sum of $30, due December 1, 1932, and the second for the sum of $450, payable in six semiannual installments of $75 each; the first installment to become due June 1, 1932, and one each six months thereafter. Said notes bore interest from date until paid at the rate of 6 per cent. per annum, and a vendor's lien was specifically retained in said deed to secure the payment of the same. Appellee testified in that connection that the balance due on the 32 notes retained by him amounted to a little more than the consideration recited in the deed; that he canceled and retained said 32 notes; and that the same had never been paid. Bruce testified that he did not owe appellee anything at the time he executed said two notes, but that he signed the same because appellee promised to give him a deed; that he did not read them and did not know at the time what he was signing. He accepted the deed and had it recorded.

Appellee, on August 15, 1934, sued Ike J. Bruce alone, seeking recovery on said two last-described notes and a foreclosure of the vendor's lien on the property involved herein to secure the same. He alleged that neither of said notes, nor any

part of the same, had been paid. Bruce appeared and answered in said suit by an attorney. He alleged in his answer that at the time he executed the notes sued on he was laboring under a mistake of fact and did not at that time know that he had prior thereto paid for said property in full. The court, on March 4, 1935, rendered judgment in favor of appellee against the defendant Bruce for the sum of $602.97, with interest and costs of suit, and foreclosed the vendor's lien upon said property to secure the same. Order of sale was issued on said judgment and said property advertised and sold thereunder to appellee for the sum of $50.

Appellant Jennie Bruce, joined pro forma by her said husband, Ike J. Bruce, on June 18, 1835, instituted this suit in the district court against appellee and Dave Fearis, sheriff of Ellis county, to enjoin them from ejecting her from said premises under a writ of possession issued on said judgment. She alleged in that connection that the original purchase price of the property had been fully paid prior to the execution and delivery of the two notes sued on in said cause; that said property was her homestead; and that she was not a party to said foreclosure suit. The court granted a temporary injunction. Appellee filed an answer, claiming title to the property under said foreclosure sale.

The case was tried on the 14th day of February, 1936, before a jury. The facts hereinbefore recited were introduced in evidence. The court submitted the case on special issues, which, with the answers of the jury thereto, were as follows:

"First: Do you find from a preponderance of the evidence, that the plaintiffs, Jennie Bruce and Ike Bruce, paid off and discharged the purchase money and the interest on same according to the terms of their agreement to pay for the land involved in this suit prior to October 21, 1932?" Answer: "No."

"Second: Do you find from a preponderance of the evidence that the notes sued on by the defendant, N. J. Thomas, in Cause No. 15566 on the docket of this court and filed in 1934, represented a part of the original purchase price of the land involved herein, and interest on the same, under the agreement for the sale of said land to plaintiffs in 1913?" Answer: "Yes."

The court rendered judgment on said findings that plaintiffs take nothing by their suit; that the temporary injunction theretofore granted be dissolved; and that appellee have his writ of restitution directing the sheriff to place him in possession of said property within thirty days.

## Opinion.

■■ Apart from the fact that the wife, Jennie Bruce, was not a party to the suit to recover on the second series of notes and to foreclose the vendor's lien securing the same, under which foreclosure the property was sold to appellee, the only basis stated in her pleadings for her attack on the validity of said judgment was that the purchase money under the original contract had been paid in full and the original lien securing the same thereby extinguished, and that the second transaction was therefore a futile attempt to create a lien against her homestead for a debt to the payment of which it could not be subjected. The wife is a necessary party to a suit to foreclose a lien on a community homestead only when her homestead right, if asserted, would present a possible defense against such foreclosure. 23 Tex.Jur. p. 333; Brown v. Foster Lumber Co. (Tex.Civ. App.) 178 S.W. 787, par. 2 (writ refused); Evans v. Marlow (Tex.Civ.App.) 149 S.W. 347, pars. 1 to 3, inclusive. Since there is no contention in this case that the husband, in executing the original notes and accepting the deed retaining a lien to secure the same, acted in fraud of the wife's homestead rights, the fact that she was not made a party to the foreclosure suit need not be further considered, provided that the lien foreclosed therein was a valid one. Appellants' contention that the original purchase-money notes executed by them to appellee on January 11, 1913, when they first acquired the property, were shown by the undisputed evidence to have been discharged prior to the later transaction in which Bruce alone executed said second series of notes, is not sustained by the testimony. The transactions between Bruce and appellee from January 11, 1913, to October 21, 1932, were numerous and complicated. Bruce testified in general terms that he had paid all the original purchase-money notes prior to said transaction. He did not attempt to give any detailed statement or calculation showing how or when such payments were made, other than to offer in evidence sixty-eight of the original purchase-money notes and two receipts for money paid to appellee aggregating $90. Some of the notes had the date of payment indorsed

thereon. Many of them, however, did not. Several of the same were marked paid at or about the dates of the receipts aforesaid. None of the same were paid until long past due. All, as before stated, bore 10 per cent. interest per annum after maturity. Bruce did not deny that appellee furnished more than $100 worth of lumber for the improvement of the house on this property and that he paid taxes thereon. Neither did he deny that he assented at the time to the discharge of such items out of payments made by him to appellee. Appellee testified, as hereinbefore recited, in substance, that when Bruce paid him money he entered it on his book, and after discharging extra items as aforesaid, all payments were applied to the discharge in regular order of the original vendor's lien notes, and that only sixty-eight of the same had been discharged on October 21, 1932, and that at that time Bruce owed him the remaining thirty-two. These thirty-two notes, with accumulated interest thereon, amounted in the aggregate to more than the amount of the two notes executed by Bruce to appellee and described in the deed which Bruce accepted from him and had placed of record. The jury found, in response to the first issue submitted, that the original purchase money and interest had not been fully paid off and discharged on October 21, 1932, and in response to the second issue submitted, that said second series of notes represented a part of the original purchase price of the property.

 Appellants now contend that since the last maturing of the original thirty-two vendors' lien notes, which notes appellee testified were the consideration for the two renewal notes executed and delivered to him by Bruce and also for the deed to the property which he executed and delivered to Bruce, was more than four years past due at that time, such notes did not constitute a valid consideration for the execution and delivery of the renewal notes. An antecedent debt, although subject to the bar of limitation, is a good consideration for a renewal note or notes extending the time for the payment of such indebtedness, and a renewal and extension of the lien securing the same. Bruce had authority, without the joinder of his wife, to renew the original purchase-money notes remaining unpaid and to agree that the vendor's lien should continue to secure the payment of such renewal notes. 22

Tex.Jur. p. 300, § 209; Hall v. Hix (Tex. Civ.App.) 297 S.W. 491, par. 3 (writ refused); Jackson v. Bradshaw, 24 Tex.Civ. App. 30, 57 S.W. 878, pars. 3 and 4 (writ refused); DeBruhl v. Maas, 54 Tex. 464, par. 5; National Bank of Commerce v. Irvine (Tex.Civ.App.) 73 S.W.(2d) 929, 930, par. 1, and authorities there cited. We construe the findings of the jury to be that the entire consideration for the renewal notes given on October 21, 1932. was the thirty-two unpaid notes of the first series, with accumulated interest thereon. However, if any other indebtedness of Bruce formed a part of such consideration, the subsequent recovery on such renewal notes, with foreclosure of the vendor's lien and the subsequent sale of the property thereunder, would not be thereby rendered void, and the wife would not be entitled to have the same set aside without paying or offering to pay the amount of the original purchase money included in such notes. Floyd v. Hammond (Tex.Com.App.) 268 S.W. 146, 147 et seq., par. 3, and authorities there cited; 22 Tex.Jur. p. 302, and authorities cited in notes 5 and 6.

 Appellants requested the court to submit an issue asking the jury to find the agreed price at which the property was purchased on January 11, 1913. It was shown without contradiction that such purchase was evidenced by one hundred notes of $7.50 each, one of which matured every thirty days thereafter until all were paid, and all of which notes bore interest after maturity at the rate of 10 per cent. per annum. Sixty-eight of these notes were introduced in evidence. No attack was made on the legality of the same. See 41 Tex.Jur. p. 1027, § 228. Appellants also requested the court to submit an issue asking the jury to find the total amount paid by them on the original purchase price of the property as aforesaid. This was a mere evidentiary issue. Speer's Special Issues, p. 144, § 106; 41 Tex.Jur. p. 1021, § 225, The court, having submitted the ultimate issues involved, was not required to submit issues that were merely evidentiary. Southern Surety Co. v. Adams, 119 Tex. 489, 34 S. W.(2d) 789, 797, pars. 16 to 18, inclusive, and authorities there cited; Speer's Special Issues, p. 122, § 91. Appellants' complaint of the refusal of the court to submit their said requested issues is overruled.

We have examined all the other contentions presented by appellant as ground for reversal, and are of the opinion that

none of them justify or require such action.

The judgment of the trial court is therefore affirmed.