Alonzo SILAS et ux., Appellants,

v.

Earl D. BUTLER, Appellee.

No. 12908.

Court of Civil Appeals of Texas.

Galveston.

Dec. 8, 1955.

Rehearing Denied Jan. 5, 1956.

Al L. Crystal, Houston, for appellants.

P. Harvey, Houston, for appellee.

GANNON, Justice.

This is an appeal by Alonzo Silas and wife, who were plaintiffs below, from an adverse judgment on their bill filed against defendant, Earl D. Butler, seeking to set aside a final and non-appealable judgment in a prior suit brought by Earl D. Butler against the plaintiffs. No statement of facts accompanies the transcript.

The judgment in the former suit was one establishing and foreclosing an equitable vendor's purchase money lien upon land which Butler had conveyed to Silas and wife as community property. Silas and wife alleged the subject property to be homestead and that it had been sold out in satisfaction of the lien established by the prior judgment. Though admitting that the issue in the prior case was the existence, vel non, of a purchase money lien and that the issue had gone against them, they nevertheless alleged as grounds for equitable relief that the judgment obtained by Butler establishing such lien was improper and unjust and that the fact findings upon which it was based were unjustified in truth and in fact and that in the former trial Butler perjured himself. This is coupled with allegations that the plaintiff, Martha Silas, wife of Alonzo Silas, "was not present during the trial of said cause, that said trial was had without her knowledge and the judgment hereinabove set

forth was rendered without her fault or negligence, that if she would have been present, she would have been able to offer testimony based upon the facts herein set out, and, she believes as she has every reason to believe, that based upon such testimony and facts, the judgment would have been rendered more favorable to Alonzo Silas and Martha Silas in said cause No. 433,236; and Plaintiffs are entitled to equitable relief herein."

There is no allegation that the judgment was rendered without the knowledge or presence at the trial of plaintiff, Alonzo Silas. Nor is there any allegation that Martha Silas' lack of knowledge of the trial or her absence thereat was without fault or negligence on the part of her husband, the plaintiff, Alonzo Silas.

Additionally, it is alleged in paragraph VIII of the petition that after judgment in the prior case Alonzo Silas secured an understanding from Butler, who "agreed with said Alonzo Silas that at any time when the said Alonzo Silas would pay him the sum of One Thousand Dollars ($1000.-00) plus interest, court costs and attorneys fees, that he would agree to set said judgment aside, and therefore the said Alonzo Silas neither gave notice of appeal nor filed a motion to set said judgment aside, but that when said Alonzo Silas, after the expiration of six months, tendered to said Earl D. Butler the sum of One Thousand Dollars ($1000.00) plus interest, court costs and attorneys fees and agreed to make him whole, the said Earl D. Butler refused to accept same."

It is to be observed that at a time when Alonzo Silas could have pursued his legal remedy in the prior suit, by way of a motion for new trial and, if unsuccessful, an appeal, he deliberately waived these legal rights on the basis of an apparently unenforceable and non-fraudulent understanding entered into with Butler. We say unenforceable because there is no allegation that Alonzo Silas agreed to anything. We say non-fraudulent because there is no allegation that when the understanding with Butler was reached Butler entertained mental reservations and did not intend to honor the understanding.

■ The case went to trial before the court without a jury, whereupon the defendant presented his special exceptions to certain essential allegations in the petition: (a) The allegation of mistake was excepted to as a conclusion and as too general and as unilateral. (b) The allegation of perjury in procurement of the judgment in the prior suit was excepted to as a charge of intrinsic rather than extrinsic fraud. (c) The allegations that Martha Silas, wife of Alonzo Silas, was not present during the trial of the cause, which was had without her knowledge but through no fault of hers, were excepted to in effect as too general and as but a conclusion of the pleader. (d) The allegation that the judgment rendered in the earlier suit was without the fault of Martha Silas was likewise excepted to as a rank conclusion without facts in its support.

The trial court sustained these exceptions as well taken. Plaintiffs declined to amend. In our opinion, if these exceptions were good in whole or in part—and clearly they were—then the trial court was justified, on the refusal of plaintiffs to amend, in entering the judgment of dismissal which is appealed from. However the proceedings below were unusual. We quote from the judgment:

"* * * and the Court being of the opinion that the defendant's exceptions are well taken and should be sustained plaintiff declining to amend and the Court being of the further opinion that the matters and things alleged in Paragraphs IV, VI and VII of Plaintiffs' First Amended Petition were foreclosed against Plaintiffs by the decree sought to be set aside, and that the allegations in said paragraphs if taken as true are insufficient as grounds for inquiry into the matters to which said allegations relate; therefore, the Court heard evidence only in support of the allegations set out in Paragraph VIII of Plaintiffs' First Amended Original Petition, and having duly considered

'same, the Court here now finds against the Plaintiffs."

For some reason not apparent from the record the Court did not enter judgment immediately upon plaintiffs' declining to amend, but continued to give consideration to the general allegations of the petition after exceptions thereto had been sustained. Actually the court proceeded to hear evidence on the allegations which we have quoted as to the understanding claimed to have been entered into between Alonzo Silas and Earl D. Butler after the rendition of the judgment in the earlier suit.

Although what has been said above demonstrates that plaintiffs, having declined to amend, after the court had properly sustained exceptions to their pleadings, cannot prevail on this appeal, still, in our opinion, nothing alleged, even if true, is sufficient to permit review in equity of the prior judgment sought to be set aside.

■ Moreover, when Silas accepted and relied upon Butler's statement that Silas would be permitted to discharge the judgment if and whenever Silas desired, which occurred within the time when Silas might have pursued his legal remedies but did not, it would appear that Silas precluded himself from an appeal to equity for the relief sought by this suit.

■ However, independently of all other considerations, it is clear, we think, that the husband, Alonzo Silas, alone was fully competent to represent the community in defense of the claim asserted in the earlier suit of the existence of unpaid purchase money secured by a vendor's lien on the property which had been deeded to the Silases by Butler. If such unpaid secured purchase money existed, Mrs. Silas' homestead rights were necessarily subordinate thereto and she was not a necessary party to the prior suit although bound by the judgment therein against her husband as community representative. 23 Tex.Jur., Title "Husband and Wife," Sec. 287, page 332; Bruce v. Thomas, Tex.Civ.App., 106 S.W.2d 806. This renders immaterial Mrs. Silas' want of notice of and her absence at the trial of the prior case—at least in the absence of allegations that this resulted without negligence on the part of her husband.

As stated, the court heard evidence in regard to the claimed understanding which the parties entered into after rendition of the judgment in the prior suit but found against plaintiffs thereon. Whether in fact or in law is not revealed by the order of the trial court. And we do not have before us a statement of facts for our enlightenment. It must be presumed, in support of the judgment below, that the evidence developed at the hearing in the trial court was sufficient to support fact findings which under the over-all pleadings would justify the judgment complained of, i. e., the non-existence of the agreement claimed on the strength of which it is said the Silases waived their right seasonably to move for a new trial in the prior suit and, if unsuccessful, to appeal.

Appellants' points setting up and complaining of an alleged refusal of the trial court to hear testimony in regard to the agreement plead in paragraph VIII of the petition seem to be without foundation in fact. Appellants' points complaining of a piece-meal hearing and specifically and separately of the refusal of the trial court to hear evidence (a) on the use of perjury to obtain the judgment in the prior suit, (b) on the question of the homestead character of the property involved and the non-existence of a purchase money lien thereon, and (c) on the want of fault in appellant's wife in connection with her failure to be present and to testify at the trial of the prior case, are overruled.

The judgment is affirmed.